379 So.2d 1094 (1980)
STATE of Louisiana
v.
Michael W. CRAIN.
No. 65960.
Supreme Court of Louisiana.
January 28, 1980.
*1095 W. Michael Stemmans, Nicholson & Stemmans, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Kay Kirkpatrick, Richard E. Chaffin, Asst. Dist. Attys., for plaintiff-respondent.
WATSON, Justice.
A writ was issued to review defendant's complaint that, due to an inordinate lapse of time between the alleged offense and his arrest, he has been denied due process and a fair trial.
Defendant, Michael W. Crain, was arrested on March 26, 1979, pursuant to a warrant issued on March 22, 1979. The warrant referred to an offense alleged to have been committed on September 24, 1978, approximately six months prior to the issuance of the warrant. On May 14, 1979, a bill of information was lodged against defendant charging him with two counts of distribution of cocaine in violation of LSA-R.S. 40:967(A). The bill of information indicated that these offenses allegedly occurred on September 20, 1978, and October 12, 1978, different dates from the one stated on the arrest warrant, but likewise about six months prior to the arrest. Defendant was arraigned and entered pleas of "not guilty".
Following a preliminary examination, in which the trial court found probable cause to hold defendant on both counts, defendant filed a motion to quash the charges, contending that the delay between the alleged commission of the offense and the issuance of an arrest warrant, together with the delays between arrest, filing of a bill of information and arraignment, hindered an adequate defense. Specifically, defendant alleged that the delays impaired his ability to preserve evidence and subpoena witnesses on his behalf, in violation of his rights to due process and speedy trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the Louisiana Constitution of 1974. Defendant's motion to quash was denied and this court granted writs to review that ruling.
In the trial court, the State showed no justification for the pre-arrest delay and *1096 defendant presented no evidence of prejudice to his due process right to a fair trial. Defendant did not testify nor did he produce any witnesses on his behalf. His contention now is simply that the long lapse of time between the alleged crimes and his arrest resulted in a loss of memory of his exact whereabouts on the days in question and a resulting inability to produce any witnesses. He argues that the police officer who testified at the preliminary hearing had to rely on his notes, but the record indicates only that the officer admitted frankly that he had reviewed his report prior to taking the stand.
Officer Barry Phares testified that he was the only law enforcement official that ever worked on the case. He was not known to Crain, the defendant, as a policeman, but there was no showing that an earlier arrest would have destroyed his cover for other investigation. Phares considered the investigation complete after October 13, 1978. There was no other official involvement until the issuance of the warrant and the arrest. Crain's whereabouts were known to the police during the six months before his arrest; the delay did not result from the State's inability to locate him. There is no showing that a prompt arrest would have jeopardized any ongoing undercover investigations and there is no evidence that the State had doubts as to the desirability of prosecuting the case.
The issue presented is whether a defendant who alleges that his due process right to a fair trial has been violated by virtue of the State's delay of about six months in arresting him must show that actual prejudice resulted, when no justification for the delay has been shown by the State.
The United States Supreme Court and the courts of this state have consistently held that the constitutional guarantees to a speedy trial are not invoked until a citizen has become an accused, either by arrest or indictment. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); State v. Malvo, 357 So.2d 1084 (La. 1978).
Statutes of limitation are the primary protection against stale criminal charges. Article 572 of the Code of Criminal Procedure fixes these limitations for other than capital crimes:
"No person shall be prosecuted, tried, or punished for an offense not punishable by death unless the prosecution is instituted within the following periods of time after the offense has been committed:
"(1) Six years, for a felony necessarily punishable by imprisonment at hard labor;
"(2) Four years, for a felony not necessarily punishable by imprisonment at hard labor;
"(3) Two years, for a misdemeanor punishable by a fine or imprisonment or both; or
"(4) Six months, for a misdemeanor punishable only by a fine or forfeiture."
In this case, it is manifest that the defendant was arrested and the prosecution instituted within the applicable statute of limitations. The applicable delay in this case is six years, (1) above, since the offense is necessarily punishable at hard labor.
Therefore, the question is not denial of speedy trial or violation of the statute of limitations, but is one of due process. United States Constitution, Fifth Amendment; Louisiana Constitution 1974, Article I, Section 2. The due process clause may provide a basis for dismissing an indictment if the defense can show that governmental delay has prejudiced the right to a fair trial. United States v. Marion, supra. What this court must determine is whether, absent a valid purpose for the delay by the State, the mere passage of time must be held to deny defendant a fair trial.
In State v. Malvo, supra, defendant complained of a six month delay between the alleged commission of the offense and the indictment. Expressly rejected was the notion that due process requires the dismissal of all prosecutions in which the defendant suffers prejudice as a result of a pre-indictment delay. The proper approach was held to be a measuring of the government's justifications for the delay against the degree *1097 of prejudice suffered by the accused. In Malvo, the State's justification for the delay was the protection of ongoing undercover operations, while defendant contended that he was prejudiced by the State's actions because a material witness, one who "probably" could have helped determine what defendant was doing on the night of the alleged offense, died during the seven month delay. In light of the strong governmental interest in continuing a successful undercover operation and the minimal prejudice demonstrated, Malvo held that defendant was not denied due process by the delay.
In State v. Stetson, 317 So.2d 172 (La. 1975) a period of several months elapsed between an alleged heroin sale and defendant's arrest. Defendant's due process argument was rejected on the specific ground that no proof or prejudice was offered. As in this case, defendant in Stetson did not take the stand and offered no witnesses to testify on his behalf. He asserted in brief, without other support from the record, that no one was called to testify for him because no one could accurately testify to his whereabouts seven months prior to his arrest. Thus, defendant asked that prejudice be presumed from the delay, just as in the present case. This court declined to presume prejudice, but referred to the explicit delays set out in the statute of limitations.
Crain has not shown even the minimal prejudice of Malvo; he like Stetson relies only on the passage of time. The passage of time here, six months, is brief when compared to the statutory limit, six years.
Since the prosecution against defendant, Crain, was instituted within the statutory period, and since there is no showing that defendant was prejudiced by the State's delay, we cannot conclude that he has been deprived of his due process right to a fair trial. The ruling of the trial court denying the motion to quash was correct.
AFFIRMED.
BLANCHE, J., concurs and assigns reasons.
BLANCHE, Justice (concurring).
I concur in the majority opinion, agreeing that defendant has made no showing that the delay in arresting defendant after the alleged commission of the crime in any way deprived defendant of due process of law.