380 So.2d 613 (1980)
STATE of Louisiana
v.
Michael COLEMAN and Donald H. Smith.
No. 65218.
Supreme Court of Louisiana.
February 15, 1980.
Nathan S. Fisher, Bryan E. Bush, Baton Rouge, for defendants-appellees.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., David Miller, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellant.
SUMMERS, Chief Justice.
On August 14, 1978 defendants Michael Coleman and Donald H. ("Tony") Smith were arrested pursuant to arrest warrants issued August 12, 1978 and charged with distribution of cocaine in violation of the *614 Controlled Dangerous Substances Act. La. Rev.Stat. 40:967(A)(2). The arrest warrants referred to March 16, 1978 as the date of the alleged offense and described defendants' activity as selling a quantity of cocaine to an undercover police agent. The defendants were subsequently charged by bill of information with the offense. After a preliminary examination was held defendant Smith filed a motion to quash in which defendant Coleman joined.
On July 2, 1979 at the hearing on the motion to quash, the trial judge ruled that the five-month delay between the date of the alleged offense and the time of the arrest violated the due process rights of the defendants, thus granting defendants' motion. From this ruling the State objected and gave notice of its intention to apply for writs, which this court granted. The State assigns as error the ruling granting the motion to quash.
In State v. Malvo, 357 So.2d 1084 (La. 1978), this court was faced with the similar issue of whether a defendant was denied due process of law through a preindictment delay. The defendant in Malvo was indicted almost seven months after his alleged sale of heroin to an undercover agent. On appeal after conviction defendant claimed that the trial court erred in denying his motion to quash the indictment. In rejecting defendant's contention that the preindictment delay caused prejudice to his defense as a violation of due process, this court held that "the proper approach in determining whether an accused has been denied due process of law through a preindictment or pre-arrest delay is to measure the government's justifications for the delay against the degree of prejudice suffered by the accused." Id., 357 So.2d at 1087. In affirming the conviction, this court concluded that the government's interests in continuing a successful undercover operation justified the delay. Even though the defendant in Malvo claimed that a "`material' witness" had died during the delay, this court found that this claimed prejudice was only "minimal", so that the defendant had not demonstrated the "significant prejudice" required to outweigh the delay which was justified by the State's interests in protecting its investigations. Id.
In the instant case the undercover operation conducted by the Louisiana State Police in the Baton Rouge area commenced in the latter part of February 1978 and continued until April or May. In this particular case the undercover agent, who was employed as a member of the Felony Action Squad of the New Orleans Police Department, had been commissioned by the State Police for the duration of the operation. Her duties involved making contacts with various individuals in and around Baton Rouge in order to secure information concerning their activities which would enable her to enter into drug transactions. Although the only instance during which this agent gained information leading to the arrest of these two defendants was the alleged March 16, 1978 sale of cocaine, she had occasion to come into contact with them later.
So even though the pertinent portion of the investigation relating to these defendants only involved the alleged sale on March 16, 1978, the State claims the delay from this time until the end of the undercover operation was necessary to avoid jeopardizing the success of this entire operation. The State also contends that the two-and-a-half to three-month delay from the end of the operation until the arrest warrants were issued was necessary in order for law enforcement officials to sift through the information gathered by the various agents assigned to the investigation and to decide upon the presence of probable cause among the undercover agent's various contacts. The State argues that this delay was not inordinate for making such an important decision.
Defendants claim in response that since the undercover operation was complete as it related to their activities on March 16, 1978, the delay from this time until their August arrest was not justifiable. Defendants assert that the State's reason for the delay has no basis and that the delay after the termination of the operation was unnecessary *615 and avoidable because the whereabouts of defendants were known to the law enforcement officials at all times. Defendants claim that because of the lengthy delay they were rendered unable to establish an alibi or obtain witnesses for their defense, although no specific proof of resulting prejudice is asserted in this regard.
Because the undercover agent admitted that she had to refer to her notes to refresh her memory before she testified at the preliminary examination in April 1979, defendants advance this fact in support of their contention that the pre-arrest delay was prejudicial. Although the undercover agent did not confess any lack of independent recollection of the events of the alleged sale in her testimony at the preliminary hearing, defendants claim that she expressed a possible inability to recall the details of the incident. This contention is not supported by the record.
At the time of the preliminary examination, which was held more than one year after the alleged incident, the undercover agent was no longer employed by the New Orleans Police Department but was employed by the Drug Enforcement Administration in Florida. In her testimony she admitted that her memory may not have been exact as to precise times and order of events because she had handled many cases other than this one, but nothing in her testimony indicates that she lacked independent recall of the facts relating to probable cause or the essential elements of the charge.
Defendants claimed further that certain telephone records which might have been helpful to their defense were destroyed during the delay. These telephone records allegedly contained information concerning long distance calls made by the undercover agent involved in this case, but defendants have not shown how this information was relevant to their defense. Since undercover agent Cox was not from the Baton Rouge area but was a New Orleans Police Officer when she was retained for this investigation, the fact that she made long distance telephone calls from her apartment in Baton Rouge is quite understandable. In the absence of any specific showing of actual prejudice resulting from the unavailability of these telephone records, defendants' claims here are not supported.
The defendant in State v. Malvo, supra, also claimed that prejudice resulted from the delay because of the death of an allegedly material defense witness which rendered any possible alibi defense unavailable. In rejecting this claim of prejudice, this Court found that "[i]t is significant that it was not shown that the `material' witness who was no longer available for trial in fact had testimony which would aid defendant's case. Instead, all that is known is that the witness might have been able to assist the defendant in tracing his actions on the night of the offense." 357 So.2d at 1087. Defendants' claims of prejudice here seem extremely speculative. Although a defendant should not be required to prove every possible defense he might have had but for a pre-arrest delay, the materiality of allegedly unavailable evidence becomes relevant in weighing the degree of prejudice suffered by a defendant due to such a delay. In the case before us, defendants have not shown the substantial degree of prejudice required under this court's approach in Malvo, supra, in order to find that the delay constituted a violation of due process.
We agree with the State's position that the delay from the time of the alleged sale until the end of the undercover operation was justified by the need to protect the secrecy required for a successful undercover operation. Therefore, the only pre-arrest period in question is that from the end of the operation until the time of the actual arrest. As the State asserts, this delay was justified by the need to compile the information gathered by the undercover agent from her various contacts in order to make a fully-informed probable cause determination. Surely such a thorough prosecutorial decision-making process should be encouraged by allowing complete compilation of all information before prosecution is instituted. See, e. g., United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977).
*616 As this Court has recognized, the legislature has acted to set forth statutes of limitations to guard against the most prejudicial delays. State v. Stetson, 317 So.2d 172 (La.1975). In providing these safeguards, the legislature has determined that certain delays create a likelihood of possible prejudice to the accused. When these provisions are not applicable, actual prejudice must be clearly demonstrated in order to make a valid claim under the guarantees of due process. Mere pre-arrest delay, without a concrete showing of substantial prejudice resulting from such a delay, does not warrant finding that a defendant has been denied due process. Especially where, as here, the delay was justified by considerations of effective law enforcement activities and well-considered probable cause determinations, the occurrence of a delay before an arrest should not abort a criminal prosecution in the absence of proof of facts and circumstances showing this prejudice.
For the reasons assigned, the ruling of the trial judge is reversed and the case is remanded for trial.