384 So.2d 374 (1980)
STATE of Louisiana
v.
Charles COLE.
No. 66793.
Supreme Court of Louisiana.
May 19, 1980.
Rehearing Denied June 23, 1980.
*375 Garland R. Rolling, Metairie, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Marion B. Farmer, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., for plaintiff-respondent.
WATSON, Justice.[*]
On September 9, 1975, defendant Charles Cole allegedly battered Billy Ray Crain with a baseball bat. He was indicted for aggravated battery in violation of LSA-R.S. 14:34 on February 21, 1978, and arraigned on July 31, 1979. On November 8, 1979, he filed a Motion to Quash the indictment because of the delay of almost four years between the offense and arraignment.[1] *376 The trial judge denied the motion and a writ of certiorari was granted to review Cole's contention that he was denied a fair and speedy trial by excessive pre-indictment and post-indictment delays.
Statutes of limitation are the primary protection against stale criminal charges. State v. Crain, 379 So.2d 1094 (La., 1980). Aggravated battery is a felony not necessarily punishable by imprisonment at hard labor (LSA-R.S. 14:34), so the permissible delay for the institution of prosecution is four years. LSA-C.Cr.P. art. 572(2). This indictment was filed well within the statutory limitation.
As to the post-indictment delay, there is also no violation of the statute of limitations. Trial was scheduled for a date within two years of the indictment. LSA-C.Cr.P. art. 578(2). Therefore, the only issue is whether the pre-indictment and postindictment delays violated defendant's constitutional right to a speedy trial.
Alleged violations of due process of law through pre-indictment delays are evaluated by weighing the government's justification for the delay against the degree of prejudice to the accused. State v. Malvo, 357 So.2d 1084 (La., 1978); State v. Crain, supra.
The State has offered no explanation for the delay of two years and five months between the alleged offense and the indictment.[2] There is nothing in the record to indicate that the case warranted extensive investigation or that the State had difficulty in locating the accused. No justification for the delay is claimed.
Defendant contends that he was prejudiced by the pre-indictment delay because the sole eyewitness, Johnny Fitzmorris, died prior to defendant's arraignment. The testimony at the hearing on the motion to quash revealed that Cole killed Fitzmorris and is charged with manslaughter. Defense counsel indicated that his defense is justifiable homicide, claiming that Cole was shot twice before he shot Fitzmorris. (Tr. 12)
Any prejudice resulting from Fitzmorris' death is nonetheless attributable to defendant and not the State. Regardless of Cole's culpability, Fitzmorris died by his hand. Also there is no evidence as to what this witness would have said or that his testimony would have been favorable to defendant. Serious prejudice is not shown. Compare State v. Malvo, supra.
The particular circumstances of each case determine the weight to be ascribed to the length and reasons for a post-indictment delay. State v. Reaves, 376 So.2d 136 (La., 1979).
The right to a speedy trial stems from the Sixth Amendment to the United States Constitution and Article 1, Section 16 of the Louisiana Constitution of 1974. Speedy trial claims, are evaluated under the four factor test enunciated in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The considerations are the length of the delay, the reasons for the delay, defendant's assertion of his right to a speedy trial and the prejudice which defendant has suffered.
Applying the Barker v. Wingo factors here, it is apparent that: (1) the delay between indictment and arraignment was one year and five months, not statutorily excessive; (2) no significant reason has been offered by the State for the delay; (3) the defendant has not asserted a demand for speedy trial; and (4) there is no showing of substantial prejudice to the accused.
Considering all the circumstances, there is not a violation of defendant's right to a speedy trial.
*377 Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[*] Honorable RICHARD H. GAUTHIER participated in this decision as Associate Justice Ad Hoc.
[1] Following arraignment, trial was set for August 24, 1979, but was continued three times on defense motion. Defendant does not complain of post-arraignment delays; his only objection is to the delay between the offense and the arraignment.
[2] The State claimed that a change in administration in the District Attorney's office was the reason for the delay between indictment and arraignment, but did not account for the pre-indictment delay. (Tr. 6)