419 So.2d 463 (1982)
STATE of Louisiana
v.
Edrick K. JENKINS.
Nos. 81-KA-3183, 81-KA-3184.
Supreme Court of Louisiana.
September 7, 1982.
*464 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Speedy O. Long, Dist. Atty., Dan Cornett, Norris Dale Jackson, Asst. Dist. Attys., for plaintiff-appellee.
Patrick L. Durusau, Public Defender, for defendant-appellant.
FRED C. SEXTON, Jr., Justice Ad Hoc[*].
Defendant Edrick K. Jenkins was charged by bill of information filed January 9, 1981, with two counts of distribution of marijuana, in violation of LSA-R.S. 40:967 A. He entered pleas of guilty on both charges during jury selection, reserving his right to appeal the court's ruling on a motion to quash. Jenkins was sentenced on September 18, 1981, to concurrent terms of 18 months at hard labor on each count and was fined $1,000.00. He now appeals his convictions and sentences to this court, asserting four assignments of error, all of which are argued. The appeals are consolidated to facilitate discussion.
FACTS
The facts as reflected by the record and as adduced by the state at the motion to quash hearing revealed that on both November 1 and 2, 1979, Jenkins sold marijuana (one "lid" and then two "lids" respectively) to an undercover agent in LaSalle Parish. An arrest warrant for Jenkins was issued in October, 1980. A warrant was not sought sooner because Jenkins' arrest might have jeopardized the undercover operation.
The substances bought from Jenkins were sent to the analysis lab approximately two weeks after the sales and were positively identified as marijuana. No other purchases from Jenkins were attempted.
The undercover operation in LaSalle Parish lasted approximately nine months to one year after the purchase from Jenkins. Though the agent saw defendant periodically in the area during the months after the sale, Jenkins was not arrested until December 17, 1980, when he was stopped for having a loud muffler and a routine check revealed the arrest warrant for the instant charges.
ASSIGNMENT OF ERROR NO. 1
Defendant in his first assignment of error contends that the trial court erred in failing to grant his motion to quash the bills of information due to the 13 month delay between the date of the offenses and the date of arrest. The defendant specifically contends that the delay impaired his right to effective assistance of counsel and effective confrontation of witnesses as well as limiting the ability to call witnesses on his behalf and to preserve evidence in furtherance of his alibi defense.
Defendant concedes that this court's holding in State v. Malvo, 357 So.2d 1084 (La. 1978), is controlling. Malvo stated that:
"The proper approach in determining whether an accused has been denied due process of law through a pre-indictment or pre-arrest delay is to measure the government's justifications for the delay against the degree of prejudice suffered by the accused." Malvo, supra, at p. 1087. *465 See, also State v. Coleman, 380 So.2d 613 (La.1980); State v. Crain, 379 So.2d 1094 (La.1980); State v. Cole, 384 So.2d 374 (La. 1980); State v. Duncan, 396 So.2d 297 (La. 1981); 41 La.L.Rev. 592 (1981).
Jenkins asserts, however, that Malvo and its progeny are in error in that they place an undue burden upon the defendant because the passage of time affects his recall of the events surrounding the offense and thus affects his ability to show prejudice. Thus defendant claims the delay itself has affected his ability to show prejudice under the Malvo standard. Jenkins presented no testimony at the hearing on the motion to quash. However, he asserts in brief that his guilty plea shows that he would have been unable to establish his whereabouts on the days in question due to the delay.
The state claimed at the motion to quash hearing that an immediate arrest of the defendant would have blown the undercover operation. Although Jenkins was not recontacted after the sales, the undercover operation in LaSalle Parish continued for nine months to one year after the offense. The trial court held in denying Jenkins' motions that his opportunity to establish an alibi was not prejudiced, to any extent, by the delay in the case.
The state's justification for the delay in bringing the case outweighs any prejudice Jenkins may have suffered. The desire of the state to protect an ongoing undercover operation is a legitimate excuse for pre-arrest delay. State v. Malvo, supra. Moreover, Jenkins has not asserted any prejudice to his rights which approached that asserted by Malvo (death of material defense witness during delay). A balance of the interests results in a determination that Jenkins was not so prejudiced by the delay that he was deprived of due process.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
By this assignment defendant asserts that he received ineffective assistance of counsel at the motion to quash hearing in that his counsel failed to call him as a witness at the hearing so that he could show prejudice caused by the delay. It will be recalled that the defendant herein withdrew his pleas of not guilty and entered pleas of guilty on July 13, 1981. He thus waived any non jurisdictional defects such as this alleged ineffective assistance of counsel. State v. McKinney, 406 So.2d 160 (La.1981).
In addition, assertions of ineffective assistance of counsel as a general rule are more properly raised by writ of habeas corpus than by assignments of error. State v. Brown, 384 So.2d 983 (La.1980).
Parenthetically we note that the record reveals that trial counsel ably discussed and argued his client's position at the hearing on the motion to quash, offering several documents to buttress his allegations. He also cross-examined the state's witness at length with obvious knowledge of the issue and the law. The record further reveals that counsel filed an extensive discovery motion and a sufficient motion to quash.
The record here does not reveal egregious omissions or errors. We note that it would be speculative at best to attempt to ascertain the defense strategy in the case at hand. Assuming arguendo that this assignment is properly before us the defendant was not denied effective assistance of counsel sufficient to compel a reversal. State v. Myles, 389 So.2d 12 (La.1980).
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3
In his third assignment of error defendant contends that the trial court erred in denying his motion for a new trial based on the discovery of new evidence which, defendant argues, is significant enough to justify a new trial. LSA-C.Cr.P. Art. 851(3).[1]
Normally the defendant's plea of guilty waives all non jurisdictional defects, *466 as we previously noted with regard to assignment number two. State v. McKinney, supra. Thus since this defendant has plead guilty, a motion for a new trial is inappropriate. However his allegations should not be disregarded and will be treated as if presented on a motion to withdraw a plea of guilty. LSA-C.Cr.P. Art. 559.[2]
This article allows the court to permit a withdrawal of a guilty plea at any time prior to sentence. The motion here was filed in advance of sentence. The trial court has great discretion with respect to withdrawal of a guilty plea, but which discretion may not be exercised arbitrarily and can be corrected on appeal. State v. Compton, 367 So.2d 844 (La.1979).
In the instant case Jenkins, after his trial, produced four witnesses; his mother, a lifelong friend who worked with him on the day of the offense, his sister, and his brother-in-law. Jenkins himself also testified. The purpose of their testimony was to show that Jenkins could not have physically been able to commit the crime in that he had not yet arrived in town on his way home from working offshore. The basis of their testimony is that they remembered, after defendant had pleaded guilty in July 1980, that the first sale occurred on November 1, 1979, defendant's brother's birthday. They were then able to recall the specific events of the day.
All the new witnesses testified that they were aware of the charges and knew how to contact the defendant. Jenkins also testified that he knew the whereabouts of the witnesses and how to contact them.
As the trial judge noted, the date of the alleged offense was known to the defendant and his counsel for a number of months. The witnesses were close friends or relatives and were available to the defendant to develop the line of defense evidenced through the motion well in advance of the motion for a new trial. It is difficult to accept that the coincidence of the alleged date of the offense and the brother's birthday were only realized after the defendant plead guilty.
Though the trial judge in responding to the motion for new trial judged it on the basis of the standards for that motion and denied it because the evidence was readily available to the defendant well before the time set for the trial, that same standard is appropriate in reviewing the motion as one to withdraw a plea of guilty. Thus the trial judge did not abuse his discretion.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 4
In his final assignment of error, defendant contends that the trial court erred in imposing an excessive sentence, considering his circumstances and the offenses for which he was charged. Upon pleading guilty to the two counts of distribution of marijuana, defendant was sentenced to serve two concurrent terms of 18 months at hard labor and was fined $1,000.00.
The defendant basically asserts two separate contentions with respect to excessiveness. He first of all contends that the trial court improperly considered evidence of a post-arrest sale of counterfeit drugs to undercover agents. Secondly, he contends that the sentence is excessive with or without the consideration of the "counterfeit sale."
The record available to the trial judge as well as the pre-sentence report indicated that defendant was 19 years old at the time of the alleged offenses, and was 21 at the time of sentencing. He had served six months in the United States Marine Corps but was medically discharged. He was a *467 high school graduate receiving less than average grades, participating in sports and the band. He was working offshore at the time of his arrest, having been so employed for about two and one-half years, and was well thought of by friends, neighbors and relatives.
The defendant sold three "lids" (one and two "lids" respectively) to an undercover agent on successive days. The pre-sentence report indicated that after the defendant's arrest while out on bond, but before pleading guilty to these offenses, he sold one gram of "cocaine" to a different set of undercover officers. The substance sold was asserted by him to be cocaine but was in actuality litocaine, which is not a controlled substance. This activity was not specifically prohibited by our Uniform Control Dangerous Substances Law at the time.[3]
At the defendant's request, due to the allegations of the subsequent counterfeit sale, a sentence hearing was held. At that time the two undercover officers testified that they had indeed purchased one gram of a substance identified to them as cocaine by the defendant for $80.00 during April 1981. The defendant presented no evidence at the hearing. Thereafter the trial judge, after considerable articulation of the issues, sentenced the defendant as indicated above.
The trial judge was clearly justified in considering the evidence of the counterfeit sale in assessing the defendant's sentence. This sale occurred approximately a year and one-half after the sales which formed the basis of this prosecution. The defendant had been arrested and out on bond for several months. Thus this activity obviously indicated a penchant for drug related conduct. It is particularly appropriate for consideration here because the defendant had told the probation officer he was not involved in the regular sale of marijuana but that he had obtained it only for friends on a few occasions. He also told the probation officer conducting the presentence report that he had ceased that type activity. Thus the evidence of the counterfeit sale indicated the defendant misrepresented himself to the probation officer as being remorseful about his conduct. It also indicated that he had not been impressed with his contact with the legal system on the pending charges at that point, and confirmed the fact that he was a "street level dealer" of dangerous drugs thus making the sentence imposed well within the trial judge's discretion.[4]
Assuming arguendo that the trial judge should not have considered the evidence of the subsequent counterfeit sale the sentence is nevertheless not excessive. The defendant made two separate sales on consecutive days. The second sale consisted of two "lids" to persons who were virtual strangers to the defendant and contradicts his assertion in the pre-sentence report that he only obtained marijuana for a few friends, and would tend to also indicate that he was not just an "accommodation dealer." Thus the relatively short concurrent sentences of 18 months, even considering the defendant's stable work record and lack of previous convictionsand not considering the subsequent counterfeit sale, placed the sentence well within the trial judge's discretion. Compare State v. Underwood, 365 So.2d 1339 (La.1978); State v. Jacobs, 383 So.2d 342 (La.1980); and State v. Beatty, 391 So.2d 828 (La.1980).
This assignment of error lacks merit.
For the reasons assigned the defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[*] Judges Fred C. Sexton, Jr., and William Norris, III, of the Court of Appeal, Second Circuit, and Judge Robert L. Lobrano of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore, joined by Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Jack C. Watson, and Harry T. Lemmon.
[1] LSA-C.Cr.P. Art. 851(3)

(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.
[2] LSA-C.Cr.P. Art. 559. Withdrawal or setting aside of plea of guilty

The court may permit a plea of guilty to be withdrawn at any time before sentence.
The court shall not accept a plea of guilty of a felony within forty-eight hours of the defendant's arrest. When such a plea has been accepted within the forty-eight hour period, the court, upon a motion filed by the defendant within thirty days after the plea was entered, shall set aside the plea and any sentence imposed thereon.
When a plea of guilty has been withdrawn or set aside, the plea and the facts surrounding its entry shall not be admissible in evidence against the defendant at a trial of a case.
[3] The selling of counterfeit drugs is theft, in the opinion of the author. Such action was specifically proscribed by Act 914 of 1981, becoming LSA-R.S. 40:971.1.
[4] The author has serious reservations with respect to sentence review for excessiveness and is inclined to Justice Ad Hoc Marvin's dissent in State v. Tilley, 400 So.2d 1363 (La.1981) at p. 1368. But if review is appropriate then I believe the sentence imposed is a minimum one under these circumstances.