Relator seeks post-conviction relief on the basis that he was denied due process and his constitutional rights were violated because he did not receive a preliminary hearing. He also claims he had incompetent legal counsel.
*916 Defendant (with counsel) appeared for trial and after trial began he pled guilty to felony possession and a felony theft of stolen property charge was nolle prosequied. He received a suspended 10 year sentence and was placed on five years active probation subject to serving one year in Parish Prison with credit for time served.
Relator implies his plea was coerced. Specifically, he states there was a breach of the plea bargain agreement in which he was allegedly promised to be released from incarceration by January 16, 1983 (i.e.) he would only have to serve six months, instead of a year.
Initially we note that a valid guilty plea waives all non-jurisdictional defects. State v. Jenkins, 419 So.2d 463 (La.1982). Therefore, if the guilty plea is valid, defendant cannot complain that he was not granted a preliminary hearing.
At the hearing on the Writ of Habe-as Corpus defendant’s counsel recalled discussing the guilty plea and sentence with defendant:
“Q. Was it known at the time what his sentence would be?
A. I assumed it would be one year, had he gone to court he would have gotten ten years in jail.
Q. Had you spoken to the judge?
A. I talked to the judge on several occasions about this particular case, I informed Mr. Fenner [defendant’s prior counsel] of the trial possibility, nothing guaranteed that he might get one year, but if he went to court I knew he would get ten years, that he had a rap sheet of three pages.
Q. One year, you all decided would be his sentence, was there any discussion as to actual time he would have to serve?
A. No statement was made in court that day on that point. In Parish Prison he got five for parole, in six months he would be eligible to file for that and the Sheriff might give it to you but it would not automatically come to you.
Q. What did you tell Mr. Fenner about that?
A. We did not say anything in court about it, I told him he could be paroled, but when he applied. It was not guaranteed, it was up to him on that part.
Q. Did you tell him anything else up to that point?
A. No.”
Defendant John Fleming was also questioned regarding the guilty plea and sentence.
“Q. He represented you up to what day was the plea entered?
A. I am not sure—October 27th ...
Q. Was that the first time you had discussed what kind of sentence you would get?
A. No, he had discussed this at length with me, also if I would plead guilty I would only receive half sentence, the judge would only allow me 18 months, I would do nine months— one year and I would receive six months, this was a probability.
Q. Why did he tell you that you would only serve half of the time?
A. That was a policy of the Sheriff’s Department, you would receive half time as good time. I believe he did it in good faith.
Q. What was your understanding as to when you would be released from Parish Prison?
A. I would be released July 16—I mean January 16 of 1983.
Q. That would be six months after you were arrested?
A. Yes, with credit for time served.”
Defendant also stated guilt had nothing to do with his plea; his major consideration was the possibility that if he went to trial he would receive more time. Clearly, and apparently admitted at the Ha-beas Corpus hearing by defendant, there was confusion between the sentence and his eligibility to seek parole after six months. *917 There is no evidence in the record of an actual plea bargain or promise by the D.A. or judge in return for the guilty plea. A misunderstanding between counsel and defendant does not have the same implication as a breached plea bargain and does not render the guilty plea not “free and voluntary.” State v. Lockwood, 399 So.2d 190 (La.1981). Since the guilty plea was valid, defendant waived his right to a preliminary hearing, State v. Jenkins, supra.
Defendant’s challenge to his counsel’s competency is based upon his failure to secure or appeal the denial of the preliminary hearing. Since the preliminary hearing was waived by a valid guilty plea, counsel’s representation of defendant in this matter (whether competent or not) did not affect defendant’s incarceration. In addition, “there has been no showing that his representation fell below the range of competency demanded of attorneys in criminal case.” State v. Boatright, 406 So.2d 163 (La.1981).
The writ of Habeas Corpus is denied.