| iMcKAY, Judge.

STATEMENT OF THE CASE

The defendant was charged June 27, 1996 with the second degree battery of Jennifer *1072 Zornes on May 21, 1996. He was arraigned July 22, 1996, and pled not guilty. On October 23, 1996, prior to the start of trial, he withdrew his plea of not guilty and pled guilty as charged. He was immediately sentenced to four years, six months at hard labor. He later filed a motion to vacate the sentence. At a hearing on the motion, April 7, 1997, his counsel changed the motion to a motion for new trial. The court after hearing testimony from Zornes denied the motion.

ERRORS PATENT:

None.

FACTS:

On May 21, 1996 police responded to a call on 3008 E. St. Bernard Highway to investigate a fight between the defendant Jerry A. Kennedy and Jennifer Zornes. At a preliminary hearing August 26, 1996 [1] Zornes testified that on May 21, 1996 after having an argument with the defendant she ran out 12of the house. He chased her and pushed her into a cai\ They drove to his mother’s house where he began beating her. Their seventeen month old son was present for the alleged event. The police were called by neighbors. When they arrived Zornes denied the defendant had hit her. She then drove to her mother’s house where she called the police. She claimed that she suffered fractured ribs, and that a doctor treated her at home and feared she had a broken nose. X-rays later taken revealed that the nose was not broken. She said she suffered scars to her back and arm.
As the witness was leaving the stand, the defendant allegedly threatened her. The State announced that it intended to charge the defendant with intimidation of a witness. That charge was dropped as a part of the plea agreement.
At the April 7, 1997 hearing the victim recanted her previous testimony and testified that she and the defendant had never argued, and that they had ceased living together because they could not afford housing. She had planned to live with her parents, and he with his mother. She said that she had been beaten by a school friend, “Donna”, and another girl after a friend of Zornes’s saw Donna with the defendant. She said her parents had also pressured her into changing her child’s name from Kennedy. She said that she had a new fiance’ and a new life. She also said that the defendant had not made any threatening remarks to her after her testimony at the preliminary hearing. She denied telling a police officer that she feared the defendant would hurt her or kill her when he got out of jail or that the defendant was very violent.
The defendant took the stand and said that he had pled guilty because he was intimidated by the fact that he had prior convictions and could have been multiple billed. He claimed that he was working and supporting Zornes and the child at the time of the incident and that she could have continued living withjjjhim. He alleged that on the night of the incident he returned home from work, found Zornes gone and went to his mother’s house where he discovered that there was a warrant for his arrest. He also admitted that he was on probation at the time of the incident, and that his probation could be revoked.
He admitted that he had pled guilty of his own free will after having been advised of all of his rights.

ASSIGNMENT OF ERROR:

There was some confusion at the hearing on April 7, 1997 as to whether the motion was a motion to vacate sentence or a motion for new trial. The defense had entitled the motion a motion to vacate; the State called the motion a motion for new trial. The judge correctly noted that in fact there had been no trial; there was a guilty plea. The trial judge stated that he was more concerned with the substance of the motion than its caption and proceeded to hear the motion. After hearing testimony, the judge denied the defendant’s motion. In his reasons the judge found it difficult to believe that Zornes was so weak of character at the preliminary hearing that she testified falsely and sent a man to jail simply because she was worried about a place to live and therefore succumbed to her mother’s wishes, and *1073 that within a matter of months she became strong enough to seek legal advice on her own, and sign an affidavit saying she had lied, thereby risking a conviction for perjury, jail time, and separation from her child. He also noted that he was present when the defendant made the alleged threat to Zornes, saw the immediate reaction, and saw the district attorney immediately ready to sign a bill of information. He noted that at the hearing there was not time to fabricate stories.
The court found that there were no grounds for a motion in arrest of judgment. He evaluated the grounds for new trial under La.C.Cr.P. art. 851. LHe then noted that he had been present at the guilty plea, that the defendant had been advised of his Boykin rights, and that he was convinced of the defendant’s guilt based on the evidence presented at the preliminary hearing.
“Normally the defendant’s plea of guilty waives all non jurisdictional defects.” State v. Jenkins, 419 So.2d 463 (La.1982). When a defendant pleads guilty, a motion for new trial is inappropriate. However, the defendant’s allegations should not be disregarded and should be treated as a motion to withdraw a plea of guilty. La.C.Cr.P. art. 559; Jenkins. That article allows the court to permit a withdrawal of a guilty plea at any time prior to sentence. Here, the defendant had already been sentenced when the trial court heard the motion. The defendant should have filed a motion for post conviction relief, the denial of which does not present an appealable judgment. Therefore, this court will treat this appeal as an application for post conviction relief.
The basis of the defendant’s motion was that he would not have pled guilty if he had known that the victim would change her story and not testify against him. Based on the new evidence, the defendant says he was in fact not guilty. However, the trial court did not believe the victim’s changed story, and gave valid reasons for finding her testimony at the preliminary hearing more credible. Credibility determinations are for the trier of fact and will not be disturbed unless clearly contrary to the evidence. State v. Vessell, 450 So.2d 938, 943 (La.1984).
Here, the defendant gave a valid guilty plea after being fully advised of his Boykin rights.
The ruling of the trial court is affirmed.
AFFIRMED.

. Note that the transcript erroneously states 1997.