WINDHORST, J.
*550 On appeal, defendant's appointed appellate counsel filed an Anders [1] brief on defendant's behalf asserting that there is no basis for a non-frivolous appeal. Defendant, Glenn Lawrence, filed a pro se supplemental brief arguing four assignments of error. For the reasons that follow, we affirm defendant's conviction and sentence. We further grant appellate counsel's motion to withdraw as attorney of record.
Procedural History
On May 15, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant, Glenn Lawrence a/k/a Michael McCoy, with home invasion, in violation of La. R.S. 14:62.8. On May 18, 2015, defendant pled not guilty.
On May 26, 2016, defendant withdrew his plea of not guilty and pled guilty as charged. The trial court sentenced defendant to imprisonment at hard labor for fifteen years to run concurrently with his sentences in case numbers 08-1966, 14-3654, 16-0184 and concurrently with the "parole time" in case numbers 95-5681, 95-5900, and 95-6175.[2]
On May10, 2018, defendant filed a "Notice of Intent to Appeal and 30 Day Extension to File." On May 14, 2018, the trial court granted defendant an out-of-time appeal. This appeal followed.
Facts
Because defendant pled guilty, the underlying facts were not fully developed at a trial. A factual basis was not provided at the guilty plea proceeding, therefore, the facts have been gleaned from the bill of information which provided that on or about May 26, 2013, in Jefferson Parish, defendant violated La. R.S. 14:62.8 "in that he commit [sic ] unauthorized enter [sic ] of any inhabited dwelling, or other structure belonging to another and used in whole or in part as a home or place of abode by a person, where a person is present, with the intent to use force or violence upon the person of another or to vandalize, deface, or damage the property of another."
Discussion
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-1111,[3] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed appellate counsel requests permission to withdraw as attorney of record for defendant.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. Id.
*551 In this case, defendant's appellate counsel has complied with the procedures for filing an Anders brief. Defendant's counsel asserts that after a conscientious and thorough review of the trial court record, he could find no non-frivolous issues to raise on appeal. Appellate counsel indicates that defendant pled guilty and was sentenced pursuant to a counseled plea agreement and no rulings were preserved for appeal under State v. Crosby, 338 So.2d 584 (La. 1976). He asserts that defendant entered an unqualified guilty plea waiving all non-jurisdictional defects. Appellate counsel indicates that defendant did not object to (1) the charged offense during the plea proceeding; (2) the trial court's acceptance of the guilty plea; or (3) the sentence agreed upon and imposed. Therefore, he asserts that defendant waived his right to now seek review on direct appeal. Appellant counsel also asserts that the sentence imposed was in conformity with the plea agreement, and thus, defendant is precluded from raising a claim of excessiveness on appeal. He further contends that the plea agreement was "somewhat advantageous" to defendant in that he did not receive the maximum sentence and the trial court did not order any of his sentences to run consecutively. Defendant's appellate counsel filed a motion requesting permission to withdraw as attorney of record.
This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appellate record. Our review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
The record reveals no constitutional infirmities or irregularities in defendant's guilty plea that would render it invalid. The transcript of the guilty plea proceeding and the acknowledgment and waiver of rights form show that defendant was aware of the nature of the charge against him, that he was properly advised of his Boykin [4] rights, including the right to a jury trial, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty. Defendant was informed of the minimum and maximum sentence range of the charged offense and the actual sentence that would be imposed on him.
Defendant also acknowledged that he had not been forced, threatened, or coerced into entering his guilty plea. Defendant was informed that his guilty plea could be used against him if he was convicted of a subsequent offense. After the colloquy with defendant, the trial court accepted defendant's plea as knowing, intelligent, free, and voluntarily made.
Defendant's sentence was imposed pursuant to, and in conformity with, the plea agreement and falls within the prescribed statutory sentencing range. See La. R.S. 14:62.8. La. C.Cr.P. art. 881.2 A(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46. State v. Augustine, 14-747 (La. App. 5 Cir. 5/14/15), 170 So.3d 1123, 1128. Additionally, defendant's plea agreement was beneficial to him in that he received less than the maximum sentence and the sentence ran concurrently with his other sentences and his "parole time."
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that he has in fact reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, *552 and our independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as attorney of record is granted.
Pro Se Assignments of Error
In his first pro se assignment of error, defendant contends that his original request in his "Notice of Intent to Appeal & 30 Day Extension to File" was "ignored and overlooked" by the State and his appointed counsel. In that pleading, he contends that he stated that (1) there were specific errors made during the sentencing phase that he planned to challenge; (2) he needed an extension of time because he was transferred to numerous holding facilities and his property was lost or destroyed; and (3) his research abilities were severely prejudiced by his inability to afford private counsel and by the lack of meaningful assistance provided by other offenders. Defendant asserts that the fact that his appellate counsel completely ignored the primary subject matter of his original filing was "alarming" at best and at worst was an example of a failed Strickland [5] test. Defendant contends that neither counsel took the time to read his original filing.
The record reflects that defendant filed his pleading on May 10, 2018, wherein he stated that (1) he was preparing to file an application for post-conviction relief ("APCR"); (2) there were errors made during his case; (3) his request to proceed was timely filed; (4) he wanted an extension of time because he could not afford counsel to represent him or to file proper pleadings for him; (5) he had been transferred to numerous facilities and had lost property consisting of legal papers; and (6) he was without a fully functioning law library at his current facility. On May 14, 2018, the trial court stated that the law provided that a defendant may request an out-of-time appeal by filing an APCR within two years after his conviction and sentence have become final pursuant to La. C.Cr.P. art. 930.8 A, that defendant was within the time limit for seeking an out-of-time appeal, and that the court would construe his application as such. The trial court granted defendant an out-of-time appeal and assigned the Louisiana Appellate Project to represent him in this appeal.
Defendant cannot seek post-conviction relief if he has not yet first filed an appeal. Pursuant to La. C.Cr.P. art. 924.1, an application for post-conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending. See State v. Singleton, 03-1307 (La. App. 5 Cir. 3/30/04), 871 So.2d 596, 599. The trial court granted defendant an out-of-time appeal and assigned the Louisiana Appellate Project to represent him. The Louisiana Appellate Project filed an Anders brief because it could find no non-frivolous issues to raise on appeal. Defendant was notified of the filing of this Anders brief and of his ability to file his own supplemental brief. Defendant filed a pro se supplemental brief raising four assignments of error. After his appeal has been decided, defendant may file an APCR pursuant to La. C.Cr.P. art. 930.8.
In his second pro se assignment of error, defendant contends that newly discovered evidence in the record and in affidavits, only recently available to him, warranted an extension of time to file his APCR. Defendant argues that upon receiving a copy of the record, he was able to discover many issues that should have been addressed either immediately after his appointed trial counsel received the file or immediately after counsel's initial interview. He contends that these issues include *553 but are not limited to the State withholding exculpatory evidence, conflicting witness reports, officers' integrity being called into question, and witnesses recanting testimony. Defendant asserts that he also has newly discovered evidence in the form of affidavits that is exculpatory. He argues that he should be given the opportunity to present this evidence to the trial court and to attack his conviction through an APCR.
Generally, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Turner, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. A valid guilty plea waives the defendant's right to question the merits of the state's case. State v. Floyd, 08-746 (La. App. 5 Cir. 1/13/09), 7 So.3d 682, 688, writ denied, 09-0764 (La. 1/29/10), 25 So.3d 824 (citing State v. Bourgeois, 406 So.2d 550 (La. 1981) ). As discussed above, a review of the record reveals no constitutional infirmity in defendant's guilty plea.
It appears defendant is arguing, in part, that his trial counsel was ineffective. A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. State v. Francois, 13-616 (La. App. 5 Cir. 1/31/14), 134 So.3d 42, 58, writ denied, 14-431 (La. 9/26/14), 149 So.3d 261. Under the standard for ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a conviction must be reversed if the defendant proves: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect. State v. Lyons, 15-2197 (La. 9/23/16), 199 So.3d 1140, 1141.
For claims like defendant's that counsel's ineffective assistance rendered a guilty plea invalid, the Strickland analysis under the first deficiency prong remains unchanged, whereas under the second prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." State v. Stiller, 16-659 (La. App. 5 Cir. 7/26/17), 225 So.3d 1154, 1157 (citing Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) ).
Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, if necessary, rather than by direct appeal. State v. Ferrera, 16-243 (La. App. 5 Cir. 12/14/16), 208 So.3d 1060, 1066-67. But when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id. at 1067. If, on the other hand, the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings. Id.
In this case, the record is insufficient to fully consider defendant's claim that his trial counsel was ineffective. Based on the limited record, we find defendant's allegations of ineffective assistance of counsel cannot be reviewed here, and should be raised in an application for post-conviction relief in the trial court, where a full evidentiary hearing can be conducted, if warranted under the post-conviction relief statutory procedure, and defendant can *554 present evidence to support his allegations.[6] See State v. Stiller, supra ; State v. Kron, 07-1024 (La. App. 5 Cir. 3/25/08), 983 So.2d 117.
It also appears that defendant is attempting to argue, for the first time on appeal, that he should be allowed to withdraw his guilty plea based on newly discovered evidence.
In State v. Alfonso, 496 So.2d 1218 (La. App. 5 Cir. 1986), writ denied, 501 So.2d 206 (1987), the defendant filed a brief stating that after pleading guilty to two counts of second degree battery, he married the victim who recanted her testimony. The defendant also stated that he had several witnesses who would testify as to his whereabouts on the date of one of the incidents. This Court found that the defendant was attempting to argue a motion to withdraw a guilty plea based on newly discovered evidence for the first time on appeal. It stated that a new basis for an objection could not be raised for the first time on appeal. This Court declined to address this new issue, noting that it may be more properly addressed by a motion for new trial filed in the trial court following the appeal or by an application for post-conviction relief. Id. at 1220.
In State v. Jenkins, 419 So.2d 463 (La. 1982), the defendant pled guilty to two counts of distribution of marijuana. On appeal, the defendant argued that the trial court erred in denying his motion for a new trial based on the discovery of new evidence. The Supreme Court found that since the defendant pled guilty, a motion for new trial was inappropriate. The Supreme Court held, however, that the defendant's allegations should not be disregarded and would be treated as if presented on a motion to withdraw a guilty plea. The Supreme Court found that La. C.Cr.P. art. 559 allowed the court to permit a withdrawal of a guilty plea at any time prior to sentence and that the motion was filed in advance of sentence. It ultimately concluded that the trial court did not abuse its discretion in denying the motion. Id. at 466.
Based on the foregoing, we find the record is insufficient for this Court to address this claim. Therefore, defendant should file an application for post-conviction relief in the trial court following this appeal to raise this claim, if warranted.
In his third pro se assignment of error, defendant contends that appointed appellate counsel failed to articulate his primary issue for appeal and therefore, should not be allowed to withdraw. Defendant argues that appointed counsel filed a motion to withdraw in accordance with Anders "following what could have only been the most superficial of perusals of the appellate review record." He states that appointed counsel could not have thoroughly read or reviewed his "Notice of Intent to Appeal and 30 Day Extension to File" as counsel failed to articulate his "primary issues" which are "wholly relevant, pertinent and non-frivolous."
Appellate counsel filed an Anders brief because he could not find any non-frivolous issues to raise on appeal. Defendant was given the opportunity to and did file his own supplemental brief, raising and arguing issues he believes are relevant. For the reasons previously discussed, appointed appellate counsel's motion to withdraw as attorney of record is granted.
In his fourth pro se assignment of error, contrary to appointed counsel's *555 representations in the Anders brief, defendant contends that he did not plead guilty due to any actual guilt. Defendant asserts that in appellate counsel's brief, counsel claims that defendant indicated during the colloquy that he was pleading guilty because he was in fact guilty. He contends that the record shows that the trial court never asked him if he was pleading guilty to the charge because he was guilty. Defendant maintains that this specific claim made by counsel is inaccurate and should be stricken from appointed counsel's brief.
A review of the record shows that while the trial court did not specifically ask defendant if he was guilty, defendant pled guilty to the charged offense. Defendant did not plead guilty under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) and did not state the he was pleading guilty because he believed it was in his "best interest" to plead guilty,[7] nor did he maintain his innocence in any manner or to any extent. We find this assignment to be without merit.
Errors Patent Review
Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance to the mandates of La. C.Cr.P. art. 920 ; State v. Oliveaux, 312 So.2d 337 (La. 1975) ; and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. Our review reveals the following error patent.
The trial court erred by not imposing the mandatory fine set forth in La. R.S. 14:62.8 B(1) of "not more than five thousand dollars." Although this Court has the authority to correct an illegal sentence at any time pursuant to La. C.Cr.P. art. 882, the authority to correct an illegally lenient sentence is permissive rather than mandatory. While this Court has held that statutes providing for a fine of "not more than" a specified amount do require a mandatory fine, this Court has also recognized that the matter is not free from doubt. State v. Kerlec, 06-838 (La. App. 5 Cir. 4/11/07), 957 So.2d 810, 815, writ denied, 07-1119 (La. 12/7/07), 969 So.2d 626. Defendant is represented by the Louisiana Appellate Project. Therefore, we decline to exercise our authority to remand for correction of the illegally lenient sentence due to defendant's indigent status. See State v. Saulny, 16-734 (La. App. 5 Cir. 5/17/17), 220 So.3d 871, 881, writ denied, 17-1032 (La. 4/16/18), 240 So.3d 923.
Conclusion
For the reasons stated herein, we affirm defendant's conviction and sentence. Appointed appellant counsel's motion to withdraw as attorney of record is granted.
AFFIRMED; MOTION TO WITHDRAW GRANTED

Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

On May 26, 2016, defendant also entered a guilty plea and was sentenced in district court case number 08-1966. Defendant appealed his guilty plea in 08-1966, which is appeal number 18-KA-371.

In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L Ed.2d 674 (1984).

Defendant would have to satisfy the requirements of La. C.Cr.P. art. 924, et seq ., in order to receive such a hearing.

The "best interest" or Alford plea is one in which the defendant pleads guilty while maintaining his innocence. State v. McCoil, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1122-1123.