LABORDE, Judge.
Defendant appeals his conviction, sentence, and fine for drug offenses. We find no error. We affirm.
FACTS' AND PRIOR PROCEEDINGS
Late on the evening of May 5, 1982, defendant Tommy Lasseigne allegedly sold 100 diazepam tablets to Carl Seneca. Defendant was arrested for this offense shortly after midnight on May 6, 1982, at his home in Breaux Bridge. He signed a form granting permission to the arresting officers to search his residence at that time. The officers’ arrest report indicates that they discovered and seized hashish, methaqualone (Quaalude tablets), marijuana, and money alleged to be the proceeds of drug sales.
Defendant was charged by bill of information with six separate offenses:
1. Distribution of Diazepam, a schedule IV controlled substance, in violation of LSA-R.S. 40:969(A)(1), which carries a penalty of imprisonment at hard labor for not more than 10 years and a possible fine of not more than $15,000.
2. Possession with intent to distribute diazepam, a schedule IV controlled substance, prohibited by LSA-R.S. 40:969(A)(1) with the corresponding penalty.
3. Possession of Butalbital, a schedule III controlled substance, in violation of LSA-R.S. 40:968(C), which carries a penalty of not more than 5 years imprisonment with or without hard labor and a possible fine of not more than $5,000.
4. Possession of Codeine, a schedule III controlled substance, prohibited by LSA-R.S. 40:968(C) with the corresponding penalty.
5. Possession with intent to distribute marijuana, a schedule I controlled substance, in violation of LSA-R.S. 40:966(A)(1), which carries a penalty of imprisonment at hard labor for not more than 10 years and a fine of not more than $15,000.
6. An additional count of possession with intent to distribute marijuana.
Defendant retained an attorney to represent him. His attorney filed a motion for a bill of particulars, a motion to suppress the seized evidence, and a motion for a preliminary examination.
Defendant initially pled not guilty to the six charges against him. However, on October 14, 1982, defendant appeared in court with counsel and pled guilty to charges (1), (2), and (5), set forth above, with the understanding that the state would then dismiss charges (3), (4), and (6). The trial judge questioned defendant, and was satisfied that defendant knowingly, intelligently, and voluntarily waived all rights he would have retained had he pled not guilty, that defendant understood the charges to which he was pleading guilty, and that defendant was aware of the consequences of his guilty plea, including the maximum penalty that could be imposed. The trial judge found sufficient evidence to substantiate defendant’s guilty plea. He accepted the plea, and ordered a presentence investigation.
On January 21, 1983, defendant retained new counsel and filed a motion to withdraw his plea of guilty. Defendant contended that his guilty plea was given ignorantly, and, according to appeal counsel, under the mistaken impression that the plea would be contingent upon the outcome of the suppression hearing.
On July 1, 1983, the trial judge denied defendant’s motion to set aside the guilty plea. This judgment was based on the allegations of defendant’s motion and the only evidence presented in support of that motion: the record of the court proceedings wherein defendant entered his guilty plea.
*1199 On December 5, 1983, defendant appeared in court with new retained counsel (his third attorney) for sentencing. The trial judge sentenced defendant to five years imprisonment at hard labor for each of the three counts to which he had pled guilty, and ordered.' the sentences to run concurrently. Additionally, defendant was fined $5,000.00, with the stipulation that defendant serve an additional year in prison should he not pay the fine.
Defendant appeals his conviction and sentence. He specifies two errors in the trial court. Defendant contends:
(1) The trial court erred by refusing to allow defendant to withdraw his guilty plea.
(2) The sentence imposed by the trial court is excessive.
We will separately consider each of these properly assigned and briefed specifications of error.
WITHDRAWAL OF GUILTY PLEA
Defendant argues that he has an unfettered constitutional right to withdraw his guilty plea at any stage of the proceedings prior to sentencing. Defendant does not, however, cite any authority that supports such a broad proposition. If defendant had shown to the trial judge or could show on appeal that his guilty plea was the product of duress, coercion, or ignorance, and not the result of a knowing and intelligent waiver of carefully explained constitutional rights, then we would find that the original guilty plea was not given under circumstances that meet constitutional guidelines, and we would set aside defendant’s plea of guilty. See, e.g., Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); State v. Galliano, 396 So.2d 1288 (La.1981). In such a case, whether the defendant raises the issue before or after sentencing is irrelevant: constitutionally infirm guilty pleas may be attacked at any time. Galliano, 396 So.2d at 1289.
.In this case, however, defendant has not shown in the trial court nor on appeal that his guilty plea does not meet constitutional guidelines. Under the circumstances of this case, the trial judge could have permitted defendant to withdraw his guilty plea. Code of Criminal Procedure article 559 provides, in part: “The court may permit a plea of guilty to be withdrawn at any time before sentence.” On review, we grant great deference to the trial judge’s decision to allow or to disallow the withdrawal of a guilty plea under article 559, if the circumstances surrounding the plea of guilty meet the constitutional guidelines. Unless the trial judge has abused his discretion under article 559, we will not disturb his decision. State v. Jenkins, 419 So.2d 463, 466 (La.1982); State v. Johnson, 406 So.2d 569, 571 (La.1981). Under the circumstances of this case, there is no abuse of discretion.
EXCESSIVENESS OF SENTENCE
Since July of 1982, the Courts of Appeal of Louisiana have had jurisdiction to review sentences in criminal cases. See La. Const, art. V, sec. 10 (amended 1980). This task was formerly performed solely by the Louisiana Supreme Court.
Under our state constitution, an excessive sentence is prohibited. See La. Const. art. I, sec. 20; State v. Sepulvado, 367 So.2d 762 (La.1979); see also Note, Appellate Review of Excessive Sentences in Non-Capital Cases, 42 La.L.Rev. 1080 (1982). Therefore, when we review a sentence, we must carefully examine the length and terms of the sentence for excess.
The trial judge in the present case set forth, in his sentence, a rationale for its length and imposition. Under Louisiana law, he is, of course, required to do so. La.Code Crim.Proc. art. 894.1(C). If the trial judge does not articulate reasons for the imposition of an “apparently severe sentence,” we will vacate and remand for resentencing in accordance with article 894.1. State v. Jones, 381 So.2d 416, 418 (La.1980) (emphasis in original). The trial judge in the present case followed the man *1200 date of article 894.1 that requires a trial court to individualize a defendant’s sentence to the particulars of the crime. However, facial compliance by the trial judge with article 894.1 does not end our constitutionally mandated inquiry; we must ensure that the sentence imposed is justified under the facts and under article 894.1.
In State v. Sepulvado, 367 So.2d 762 (La.1979), the Louisiana Supreme Court reviewed for excessiveness a sentence that was rendered by a trial judge after the trial judge ostensibly had complied with article 894.1 by setting forth a rationale for the imposed sentence. The Court distinguished between review for compliance with the order of article 894.1 that the sentence must be supported by stated reasons, and review for excessiveness, noting that excessiveness in sentencing is a question of law within the realm of an appellate court. 367 So.2d at 764. Further, “the imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment_” Id. at 767. Put simply, even though a penal statute and its corresponding penalty provision pass constitutional muster as facially valid law, and even though a trial judge ostensibly has followed article 894.1, a sentence may be unconstitutionally excessive in light of the facts of the particular case. Sepulvado proceeded to examine the appropriateness of the sentence in that case by reference to the sentences imposed in other cases of the same nature. 367 So.2d at 768 nn. 5 & 6, 772-73. The examination focused upon whether the defendant’s sentence represented “a clear abuse of the trial court’s sentencing discretion which violates defendant’s right against excessive punishments, La. Const. art. 1, section 20.” 367 So.2d at 773. We will now examine the sentence in the present case.
We initially note that each of the three offenses to which defendant pled guilty carries a maximum possible sentence of ten years imprisonment at hard labor plus a $15,000.00 fine. Thus, in a case with appropriate facts involving a defendant with an appropriate background, a total of thirty years imprisonment at hard labor and a $45,000.00 fine could be imposed. The facts of this case and the background of this defendant do not warrant such harsh punishment, but the facts and background in this case do support the sentence and fine actually imposed, in light of the sanctions imposed in similar cases.
Defendant is a healthy man, thirty years old, with no dependents. His involvement in the drug trade apparently has not been limited to the immediate offenses. Defendant also has a prior conviction for possession of marijuana. It is undisputed that defendant had a large amount of various controlled substances in his possession at the time of his arrest. Defendant may not be an “international drug conspirator,” but he certainly was not an inconsequential figure in local drug trafficking at the time of his arrest. Defendant also threatened the officers and informant involved in his arrest while he was out on bail. In State v. Beatty, 391 So.2d 828 (La.1980), the Louisiana Supreme Court upheld concurrent five-year sentences for two counts of possession with intent to distribute marijuana. Beatty was also a plea bargain case. The court noted that the defendant had a prior felony conviction, though this conviction had occurred many years before the offenses in question. Id. at 832. The Beatty defendant also acted improperly while out on bail — he did not threaten anyone, but he was arrested again for possession of marijuana. Id. at 832. Further, defendant in Beatty was physically disabled and in poor overall health. Id. at 833. The slightly more severe sanctions in the present case are not excessive when compared with Beatty, especially in light of the greater variety and quantity of drugs involved in this case. In State v. Jacobs, 383 So.2d 342 (La.1980), defendant was convicted of one count of possession of marijuana and two counts of distribution of marijuana, and sentenced to a total of ten years and six months imprisonment plus a $30,500 total fine. The Louisiana Supreme Court upheld the sentence because of evidence of defend *1201 ant’s continued involvement in the drug trade, at least for a year prior to his conviction. Id. at 345. In comparison with the Jacobs sentence, the present defendant, under similar circumstances, received light treatment. See also State v. Underwood, 365 So.2d 1339 (La.1978); State v. Lukefahr, 363 So.2d 661 (La.1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).
SUMMARY
The trial judge did not err by refusing to allow defendant to withdraw his guilty plea. The sanctions imposed are not excessive. There is no error. We affirm defendant’s conviction, sentence, and fine.
AFFIRMED.