WILLIAM A. CULPEPPER, Judge Pro Tem.
Defendant, Johnny Curry Garner, was indicted for aggravated arson, a violation *101 of La.R.S. 14:51. Pursuant to a plea agreement on June 10, 1986, defendant pleaded guilty to the lesser offense of simple arson, a violation of La.R.S. 14:52. The district attorney recommended a sentence of five years at hard labor. The trial judge ordered a pre-sentence report and on December 15, 1986, sentenced defendant to serve fifteen years at hard labor, the maximum penalty provided by law. The trial judge issued written reasons for sentencing at the sentencing hearing. Defendant appeals his sentence based on three assignments of error.
FACTS
As stated in the trial judge’s written reasons for sentencing, the defendant had been living with Alice M. Johnson and her five children in a rental house in Florien, Louisiana. Defendant and Ms. Johnson had argued and Ms. Johnson ordered him to move from her house. Defendant told her that if he ever caught her “messing up on him” with another man, he would kill her. Defendant had physically abused Ms. Johnson before and she was frightened of him.
On November 24, 1983, Ms. Johnson brought a man home with her at 11:30 P.M. They went to bed shortly thereafter. At midnight defendant knocked on Ms. Johnson’s door. Fearful of defendant’s wrath, Ms. Johnson did not answer the door. Defendant walked around the house and opened a bedroom window. At this point, Ms. Johnson shot a gun through the door, and, fearing for their safety, both inside parties left the house soon thereafter. Ms. Johnson did not see the defendant as she fled. Her children were not at home at the time. Within moments, the house went up in flames and resulted in a total loss of $14,449.00.
ASSIGNMENTS OF ERROR NUMBERS 1 AND 2
Defendant contends the sentencing judge failed to state on the record or properly apply the sentencing guidelines set forth in La.C.Cr.P. art. 894.1.
La.C.Cr.P. art. 894.1 provides guidelines the court must use in determining the sentence for a defendant convicted of a felony or misdemeanor. Paragraph (C) of the article requires the court to state for the record the considerations taken into account and the factual basis used in imposing the sentence.
In order to comply with the requirements of article 894.1, the sentencing court need not articulate every aggravating and mitigating circumstance in the article. However, the record must affirmatively reflect that adequate consideration was given to these codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983). The requirements of article 894.1 are fulfilled when the record affirmatively shows the trial court considered the statutory guidelines. State v. McDermitt, 406 So.2d 195 (La.1981); State v. Rainwater, 448 So.2d 1387 (La.App. 3 Cir.1984).
Immediately prior to sentencing defendant, the trial court issued to both the State and the defendant written reasons for sentencing. The trial judge then orally sentenced defendant to fifteen years at hard labor. In his written reasons, the trial judge clearly considered the guidelines of article 894.1 in determining defendant’s sentence. In fact, the court painstakingly discussed each subpart of each paragraph of the article and discussed its applicability to defendant’s case.
In State v. Beatty, 391 So.2d 828 (La.1980), the court noted that the sentencing considerations should be stated contemporaneously with the imposition of the sentence so as to allow the defendant the opportunity to respond or correct any inaccurate information prior to sentencing. In Beatty, the court held that when written reasons were filed on the same day as the defendant’s sentencing, and the considerations of article 894.1 were reflected in the written reasons, the contemporaneous requirement and the guidelines of 894.1 were satisfied.
In the present case, the defendant was not denied the opportunity to object to the considerations used in sentencing as he was given the written reasons prior to im *102 position of sentence. The sentencing judge clearly complied with the article's requirement that aggravating and mitigating circumstances be considered. These assignments are without merit.
ASSIGNMENT OF ERROR NUMBER 3
Defendant contends the trial court imposed an unconstitutionally excessive sentence in violation of La. Const, of 1974, Art. I, § 20. Defendant was sentenced to serve fifteen years at hard labor, the maximum term of imposition for simple arson. The defendant claims the court failed to review several mitigating facts “in individualizing Perry Lee Olson’s sentence.” It is unknown who Perry Lee Olson is. Presumably, the defense counsel inadvertently put another person’s name in place of defendant Garner. Additionally, defense counsel did not state what mitigating factors were unconsidered by the sentencing judge.
A sentence imposed, although within the statutory limit, may still violate the defendant’s constitutional right against excessive punishment and the excessiveness of the punishment is reviewable by the appellate courts. La. Const, of 1974, Art. I, § 20; State v. Sepulvado, 367 So.2d 762 (La.1979). The statutory guidelines of article 894.1 furnish criteria by which the reviewing court can measure whether a sentence is excessive. State v. Cann, 471 So.2d 701 (La.1985). To constitute an excessive sentence, the penalty imposed must be so grossly disproportionate to the crime in light of the harm caused to society as to shock our sense of justice, or it must be the needless imposition of pain and suffering. State v. Nealy, 450 So.2d 634 (La.1984); State v. Terracina, 430 So.2d 64 (La.1983). The trial judge is given wide discretion in the imposition of sentences and sentences within the statutory limits should not be set aside as excessive in the absence of manifest abuse of his discretion. State v. Nealy, supra. It is proper for the trial court to consider benefits of reduced penalty exposure that defendant got from a plea bargain in sentencing the defendant. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Tedder, 471 So.2d 1176 (La.App. 3 Cir.1985).
In this instance, the sentencing judge considered defendant’s lack of prior criminal history. However, the trial judge felt defendant’s crime warranted the maximum sentence from the seriousness of the offense and the defendant’s lack of concern for endangering human life. Additionally, the judge considered defendant’s plea agreement and his reduced exposure to a harsher sentence than the one imposed.
After a careful review of the record, we find no abuse of discretion on the part of the trial judge in determining defendant’s sentence. This assignment is without merit.
For the foregoing reasons, the conviction and sentence of the trial court are affirmed.
AFFIRMED.