| STATE OF LOUISIANA | * | NO. 2019-K-1062 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| RONALD SEWELL | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 528-731 C\W 538-002, SECTION "F"
Honorable Robin D. Pittman, Judge
* * * * * *
**Judge Terri F. Love**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Roland L. Belsome, Judge Daniel
L. Dysart)

**DYSART, J., DISSENTS WITH REASONS**

Leon A. Cannizzaro, Jr.
District Attorney
Kyle Daly
Assistant District Attorney
Parish of Orleans
619 South White Street
New Orleans, Louisiana 70119

      COUNSEL FOR RELATOR, STATE OF LOUISIANA

Kevin V. Boshea
2955 Ridgelake Drive, Suite 207
Metairie, Louisiana 70002

      COUNSEL FOR DEFENDANT/RESPONDENT, RONALD SEWELL

                 **WRIT GRANTED; RELIEF DENIED**
                      **FEBRUARY 5, 2020**

Defendant pled guilty to first degree robbery charges, as opposed to armed robbery, and received three years imprisonment at hard labor. As a result of his pleas, defendant was subject to mandatory deportation based on his status as a Jamaican national. Defendant filed an application for post-conviction relief contending that his counsel was ineffective because he was not advised of the possibility of deportation. After a hearing wherein defendant's previous trial counsel testified that they were unaware defendant was not a United States citizen, the trial court granted defendant's application for post-conviction relief. The State now seeks review of the trial court's grant of defendant's application for post-conviction relief.

We find that the trial court did not err by granting defendant's application for post-conviction relief based on ineffective assistance of counsel. The application for supervisory review is granted, but relief is denied.

## PROCEDURAL HISTORY[1]

On April 8, 2016, the State charged Ronald Sewell with two counts of armed robbery with a firearm, under case no. 528-731. On October 19, 2017, the

---

[1] The underlying facts are not relevant to the issues presented in this application for supervisory review.

State charged Mr. Sewell with illegal possession of a stolen firearm and resisting an officer, under case no. 538-002.

Mr. Sewell was represented by Initial Counsel[2] until May 2018, when Second Counsel enrolled. On October 23, 2018, Mr. Sewell accepted a plea agreement involving both cases. In exchange for reducing the armed robbery charges to first degree robbery, Mr. Sewell pled guilty in both cases and received sentences totaling three years imprisonment at hard labor. Third Counsel stood in for second counsel during the plea.

On July 30, 2019, Mr. Sewell filed applications for post-conviction relief in both cases alleging that he received ineffective assistance of counsel because his attorneys did not advise him that he could be deported as a result of his pleas. Mr. Sewell submitted documents proving he was a citizen of Jamaica and that removal proceedings had been instituted against him as a result of his convictions.

The trial court conducted an evidentiary hearing wherein Second Counsel testified and the parties' introduced stipulated evidence as to Third Counsel. The trial court heard argument and granted relief. The State requested a stay, which the trial court granted. The State's application for supervisory review followed.

### MR. SEWELL'S CITIZENSHIP

Second and Third Counsel both asserted that they never inquired about Mr. Sewell's alien status (he is a Jamaican national) and were unaware that he was not a United States citizen. The State presented some documentary evidence indicating that Mr. Sewell had suggested he was a United States citizen following

---

[2] Mr. Sewell was represented by three attorneys, which shall be referred to as 1) Initial Counsel, 2) Second Counsel, and 3) Third Counsel.

2

misdemeanor convictions in other jurisdictions.[3]

When ruling from the bench, the trial court stated:

. . . . I recall this defendant. And personally, there is nothing about Mr. Sewell that would — from the outside or his speech that would have caused this court to, I guess, doubt that he was not a U.S. Citizen.

We heard from his attorney, [Second Counsel], that she never asked; and I guess, it goes along with the same thing that I am saying as the Court. There was nothing that would have caused [Second Counsel] to doubt that Mr. Sewell was not a U.S. Citizen.

We heard from [Third Counsel] who stood in for — stood in with the defendant for his plea for [Second Counsel]. And he also indicated that he did not ask. And again, I say the same thing. There was probably nothing to cause [Third Counsel] to doubt the citizenship of Mr. Sewell. And so although personally, I feel that if anyone knew that Mr. Sewell wasn't a U.S. Citizen, it was absolutely Mr. Sewell.

And so then the question becomes, you know, should Mr. Sewell be punished for not revealing to his counsel of record, "hey look, I'm not a U.S. Citizen", or is it incumbent upon his attorney or this court to question that with each and every defendant that a defense attorney represents, or that — or who appears before this court.

I did go back and review the Court's plea form at the time, and more recently, and saw that there was no question on the plea form that asked whether or not the defendant was a U.S. Citizen. And so I guess, it's for those reasons that I believe it's incumbent upon "me" to grant the Defense's application for post-conviction relief, because that was not on the plea form.

I mean, in hind-sight, I almost feel like I'm rewarding Mr. Sewell for not being forthcoming with the Court or his attorney, but I believe that although I haven't found a case exactly on point for this issue, I think this case is really unique; and I'm very hesitant about setting such precedent. But no matter what, the question wasn't asked by the Court; the question wasn't asked by defense counsel; the question wasn't asked by the defense attorney that stood in for purposes of Mr. Sewell pleading.

So I think with all that, it dictates to this court that I should do what I believe is the fair thing to do, and that is "grant" the application for post-conviction relief.

---

[3] The arrest register indicates that Mr. Sewell is a United States citizen, born in Pennsylvania.

Established jurisprudence provides that the Sixth and Fourteenth Amendments and La. Const. art. I, § 2 and § 13 protect a defendant pleading guilty. "When a defendant enters a counselled plea of guilty, this court will review the quality of counsel's representation in deciding whether the plea should be set aside." *State v. Beatty*, 391 So. 2d 828, 831 (La. 1980); *see also State v. Scott*, 93-0401 (La. 3/17/95), 651 So. 2d 1344. The two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to challenges of guilty pleas based on claims of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); *State v. Washington*, 491 So. 2d 1337, 1338 (La. 1986). Under this standard, a reviewing court must reverse a conviction if the defendant proves two elements. First, the defendant must establish "that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms." *State v. Blank*, 16-0213, p. 6 (La. 5/13/16), 192 So. 3d 93, 98. Second, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; 106 S.Ct. at 370. Further, the United States Supreme Court stated that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686; 104 S.Ct. at 2064.

In *Padilla v. Kentucky*, 559 U.S. 356, 368-74, 130 S.Ct. 1473, 1483-86, 176 L.Ed.2d 284 (2010), the Supreme Court applied this test to a complaint about counsel's performance and found that counsel erred by failing to accurately advise

4

a non-citizen of the clear and certain immigration consequences of his conviction, including deportation. The Court observed in pertinent part, "[t]his is not a hard case in which to find deficiency: The consequences of Padilla's plea could easily be determined from reading the removal statute, his deportation was presumptively mandatory, and his counsel's advice was incorrect." *Id*. 559 U.S. at 368-69, 130 S.Ct. at 1483.

It is undisputed that counsel for Mr. Sewell did not inquire as to his citizenship status. Mr. Sewell contended that if he knew pleading guilty would guarantee his deportation, he would have proceeded to trial. "It is quintessentially the duty of counsel to provide her client with available advice about an issue like deportation and the failure to do so 'clearly satisfies the first prong of the *Strickland* analysis.'" *Padilla*, 559 U.S. at 371, 130 S.Ct. at 1484 (quoting *Hill*, 474 U.S. at 62, 106 S.Ct. at 372 (White, J., concurring in judgment)). Given these factors, we do not find that the trial court erred by granting Mr. Sewell's application for post-conviction relief.

## *DECREE*

We grant the State's writ for consideration on the merits. For the above-mentioned reasons, we find that the trial court did not err by granting Mr. Sewell's application for post-conviction relief based on ineffective assistance of counsel. The judgment of the trial court remains intact.

**WRIT GRANTED; RELIEF DENIED**