STATE OF LOUISIANA      *      NO. 2023-K-0736

VERSUS      *

CORNELL LEWIS      *      COURT OF APPEAL

     FOURTH CIRCUIT

     *     

     STATE OF LOUISIANA

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 535-274, SECTION "SECTION E"
Judge Rhonda Goode-Douglas,
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Tiffany Gautier Chase,
Judge Dale N. Atkins)

Cornell Lewis
Franklin Parish Detention Center
388 Natures Acres Road
Winnsboro, LA  71295

*PRO SE* COUNSEL FOR RELATOR

     **WRIT GRANTED; RELIEF DENIED**
     **December 11, 2023**

*TFL*

*TGC*

*DNA*

Relator, Cornell Lewis, presently seeks supervisory writ review of the district court's September 7, 2023 judgment which denied Relator's application for post-conviction relief.

On April 27, 2023, Relator filed a *pro se* application for post-conviction relief to set aside convictions for multiple offenses resulting from guilty pleas entered on July 23, 2019. Relator asserted that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

Relator's application for post-conviction relief is untimely pursuant to La. C.Cr.P. art. 930.8. Moreover, Relator fails to meet his burden of proof as required by La. C.Cr.P. art 930.2 to show entitlement to relief on his ineffective assistance of counsel allegations. Accordingly, finding no error in the district court's judgment, we grant Relator's writ application and deny relief.

**FACTUAL AND PROCEDURAL HISTORY**

On July 23, 2019, Relator, represented by counsel, pled guilty to the following charges: two counts of attempted second degree murder in violation of La. R.S. 14:(27)30; one count of illegal possession of stolen things in violation of La. R.S. 14:69(B)(1); one count of illegal possession of stolen firearms—first offense—in violation of La. R.S. 14:69.1(B)(1); one count of possession of a firearm by felon in violation of La. R.S. 14:95; one count of aggravated flight from an officer in violation of La. R.S. 14:108.1; one count of resisting an officer in violation of La. R.S. 14:108; two counts of armed robbery with a firearm in violation of La. R.S. 14:64.3; and one count of possession of a firearm by felon in violation of La. R.S. 14:95.1. Relator was sentenced on Count 1 and Count 2—the attempted murder charges—to seventeen years at hard labor on each count. The attempted murder sentences were to run concurrently with the sentences imposed for all the other counts for which Relator had entered guilty pleas.[1]

After his incarceration, Relator filed a claim for administrative relief before the Louisiana Department of Public Safety and Corrections ("DPSC") on November 16, 2022. Relator contended that his sentence was being served "under the incorrect good time act." The DPSC denied his claim on January 25, 2023.

---

[1] As to the remaining counts, Relator was sentenced as follows:

La. R.S. 14:69(B)(1)- illegal possession of stolen things: ten years; $1500 fine;
La. R.S. 14:69.1(B )(1)- illegal possession of stolen firearms: five years;
La. R.S. 14:95.1-possession of firearm by felon: seventeen years;
La. R.S. 14:108.1- aggravated flight from officer: five years;
La. R.S. 14:108- resisting an officer: six months;
La. R.S. 14.64.3- armed robbery; use of firearm; additional penalty: twelve years;
La. R.S. 14.64.3- armed robbery; use of firearm; additional penalty: twelve years;
La. R.S. 14.95.1- possession of a firearm by felon: seventeen years.

Subsequent to the denial, Relator filed his application for post-conviction relief, alleging discovery of ineffective assistance of counsel claims.

Relator's application for post-conviction relief alleged his counsel was ineffective in the following respects: (i) counsel failed to investigate Relator's case; (ii) counsel failed to conduct discovery; (iii) counsel's representation was deficient during the sentencing phase; and (iv) counsel never informed him of the elements needed for conviction, in particular, on the charges related to his armed robbery convictions.

After a hearing on the merits, the district court denied Relator's application for post-conviction relief. In rejecting Relator's ineffective assistance of counsel claims, the district court found that Relator had failed to provide sufficient evidence that his counsel's performance was deficient and that the deficiency prejudiced Relator.[2] The district court also held that Relator's post-conviction application was untimely in that it was filed more than two years after his conviction had become final, in contravention of the time delays established in La. C.Cr.P. art. 930.8 for consideration of an application for post-conviction relief.

The district court granted Relator's request to seek supervisory writ review of the judgment before this Court.

**DISCUSSION**

Before we address the substantive merits of Relator's writ application, we shall first consider the timeliness of Relator's application for post-conviction relief.

---

[2] The district court cited *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 674 (1984), as will be discussed *infra*.

As recognized by the district court, Relator's application is untimely. Relator did not appeal his conviction. Hence, his conviction became final in 2019. Relator's application for post conviction relief was not filed until April 2023, which is well outside the two-year time limitation set forth in La. C.Cr.P. art. 930.8 for consideration of claims for post-conviction relief. [3] Moreover, Relator offered

---

[3] La. C.Cr.P. art. 930.8 provides, in pertinent part, the following:

A. No application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:

1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his prior attorneys. Further, the petitioner shall prove that he exercised diligence in attempting to discover any post conviction claims that may exist. "Diligence" for the purposes of this Article is a subjective inquiry that shall take into account the circumstances of the petitioner. Those circumstances shall include but are not limited to the educational background of the petitioner, the petitioner's access to formally trained inmate counsel, the financial resources of the petitioner, the age of the petitioner, the mental abilities of the petitioner, or whether the interests of justice will be served by the consideration of new evidence. New facts discovered pursuant to this exception shall be submitted to the court within two years of discovery. If the petitioner pled guilty or nolo contendere to the offense of conviction and is seeking relief pursuant to Article 926.2 and five years or more have elapsed since the petitioner pled guilty or nolo contendere to the offense of conviction, he shall not be eligible for the exception provided for by this Subparagraph.

(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.

(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.

(4) The person asserting the claim has been sentenced to death.

(5) The petitioner qualifies for the exception to timeliness in Article 926.1.

no evidence to show that he met any of the exceptions outlined in La. C.Cr.P. art. 930.8[4] to entitle Relator to an extension of the prescriptive period set forth in the code article. *See State v. Chapman*, 1997-0967, p. 5 (La. App. 4 Cir. 9/3/97), 699 So.2d 504, 506-7. Specifically, other than his assertions, Relator offered no new facts or evidence to support his claim that he was prevented from discovery of his ineffective assistance of counsel claims because he allegedly had a mental, educational, or financial impediment. Relator also failed to demonstrate that his claims of ineffective assistance of counsel were not known or could have been discoverable by Relator by the exercise of due diligence. Indeed, Relator's claims that his counsel did not sufficiently work his case or gave him substandard legal advice were "discoverable" by Relator before or at the time Relator entered his guilty pleas. Accordingly, Relator's writ application can be denied on the exclusive basis of timeliness. Nevertheless, this Court shall review the merits of Relator's ineffective assistance of counsel claims.

The Sixth and Fourteenth Amendments of the United States Constitution and La. Const. art. I, § 2 and § 13 protect a defendant who enters a guilty plea. "When a defendant enters a counselled plea of guilty, this court will review the quality of counsel's representation in deciding whether the plea should be set aside." *State v. Beatty*, 391 So.2d 828, 831 (La. 1980). As noted by the district court, the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 2055, 80 L.Ed.2d 674 (1984), provides that in order to prevail on a claim of ineffective assistance of counsel, the defendant must show both that: (1) counsel's performance was deficient; and (2) he was prejudiced by the deficiency so as to

_____

(6) The petitioner qualifies for the exception to timeliness in Article 926.2.

[4] *Id.*

5

deprive the defendant of a fair trial. In particular, the defendant must show that counsel's representation fell below an objective standard of reasonableness under the existing circumstances of the case. *Id.*

At the onset of our review of Relator's ineffective assistance of counsel claims, we note that La. C.Cr.P. art. 930.2 states that "[t]he petitioner in an application for post conviction relief shall have the burden of proving that relief should be granted." Therefore, the burden of proof rests with Relator to show that his counsel offered ineffective representation because counsel did not properly investigate and conduct discovery on his case and that counsel offered substandard legal advice regarding his sentencing and the elements needed to support a conviction.

In reviewing Relator's allegations that his counsel was deficient because he did not properly investigate and conduct adequate discovery, Relator did not meet his burden of proof to establish counsel's ineffectiveness. Relator failed to provide any objective documentation in support of these allegations. Relator identified no specific evidence that might have been retrieved from an investigation or obtained through discovery that could have changed the result of his decision to enter the guilty pleas or could have provided substantial evidence of Relator's innocence or impacted the State's ability to prove the charged offenses. *See Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066.

Relator also offered no supporting evidence regarding his claims that counsel was ineffective during the sentencing phase and did not adequately advise him of the elements of his crimes. Relator complains that his counsel neglected to properly inform him that he was ineligible for a "good-time" diminution in his sentence when he pled guilty to the armed robbery offenses—convictions which

6

made him a multiple offender and subject to sentence enhancement. Relator suggests that had he known of the enhancements and his ineligibility for a good-time diminution, he would not have entered the guilty pleas. However, given that the armed robbery convictions alone could have subjected Relator to sentences between ten and ninety-nine years, Relator does not show that counsel's negotiated plea agreement, whereby Relator received concurrent sentences of no more than seventeen years, amounted to ineffective legal representation. His contention that he would not have accepted the plea agreement amounts to no more than a conclusory, general statement. Such general statements are insufficient proof to establish an ineffective assistance of counsel claim. *See State v. Castaneda*, 1994-1118, p. 14 (La. App. 1st Cir. 6/23/95), 658 So.2d 297, 306.

For similar reasons, Relator's general statement that he would not have entered the guilty pleas because counsel did not explain the elements of proof required for his convictions is not persuasive evidence in proving an ineffective assistance of counsel claim. In particular, Relator did not include a copy of his guilty plea colloquy to support that he did not understand the terms of the plea bargain at the time he entered his guilty pleas.

Upon review, Relator did not prove that counsel made any errors and but for those errors, Relator would not have pleaded guilty. Accordingly, Relator's ineffective assistance of counsel errors lack merit.

## CONCLUSION

Based on the foregoing reasons, we grant Relator's writ application and deny relief.

**WRIT GRANTED; RELIEF DENIED**

7