450 So.2d 1071 (1984)
STATE of Louisiana
v.
George CAUSEY.
No. KA 83 1382.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
Ossie Brown, Dist. Atty., Baton Rouge, for plaintiff-appellee.
Kathleen S. Richey, Baton Rouge, William J. Guste, Jr., Atty. Gen., New Orleans, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
*1072 SAVOIE, Judge.
Defendant appeals, as excessive, the sentences imposed for his conviction on four counts of armed robbery. We find no error therewith and, accordingly, affirm.
Upon entering the Gulf States Utilities Company's office in Baton Rouge to pay a bill, defendant and his cousin noticed a large amount of cash present. They decided to rob the office and left to purchase two pistols and two ski-masks. Returning to the office, the men held-up four employees, taking approximately $10,000.00. Defendant was apprehended and admitted that he and his cousin committed the robbery.
Defendant was convicted by a jury on four counts of armed robbery in violation of L.S.A.-R.S. 14:64. He was sentenced to serve 80 years at hard labor on Count One, and 75 years at hard labor on each of the remaining counts. The sentences are to be served concurrently and without the benefit of probation, parole or suspension of sentence.
Defendant appealed these sentences as excessive, relying on La.C.Cr.P. arts. 835 and 894.1 as the bases for his assignment of error. He contends the procedure at his sentencing hearing violated both articles, to-wit: (1) Article 835, because defendant was absent from the proceeding during the trial court's articulation of art. 894.1 guidelines; and (2) Article 894.1, because the trial court failed to individualize defendant's sentence.

(1)
Defendant argues that La.C.Cr.P. art. 835 requires his presence during the trial court's articulation of art. 894.1 guidelines.
La.C.Cr.P. art. 835 mandates that, in felony cases, the defendant be present when sentence is pronounced. La.C.Cr.P. art. 894.1(C) requires the court to state for the record the considerations taken into account and the factual basis therefor in imposing sentence. To comply with La.C. Cr.P. art. 894.1, the court must state the reasons and facts considered by it contemporaneously with the imposition of sentence. State v. Beatty, 391 So.2d 828 (La. 1980).
It is apparent from the language in Beatty, supra, that the imposition of sentence is a separate step in the sentencing process from the articulation of the consideration and factual basis therefor. Accordingly, we reject defendant's assertion that La.C.Cr.P. art. 835 requires his presence during the court's articulation of the considerations and factual basis for the sentence. On the contrary, his presence is only required when the sentence is pronounced. La.C.Cr.P. art. 835.
Further, we note that the purpose for requiring the contemporaneous statement of the considerations and factual basis with the imposition of sentence is to give defense counsel an opportunity to respond or correct any inaccurate information. State v. Beatty, supra. This purpose was satisfied in the instant case. Although the defendant was removed from the courtroom[1] after imposition of sentence but before the court's articulation under La.C.Cr.P. art. 894.1, defendant's counsel was present throughout the proceeding. In addition, the sentence was not made executory until three days thereafter. At that time, defendant and his counsel were present in court and could have brought any inaccuracies to the court's attention.

(2)
Defendant complains that the trial court violated La.C.Cr.P. art. 894.1 by failing to individualize his sentence.
In the instant case, the trial court recognized that defendant was a third felony offender prior to the instant conviction. Further, the court observed that the defendant had witnesses come in and perjure themselves in defendant's behalf at trial. In addition, the court remarked that the defendant told the probation officer he *1073 could not and would not go to prison for this offense. The court noted also that the defendant showed extreme hostility and contempt for the court when the court attempted to sentence him.
Where the trial judge has failed to fully comply with the sentencing requirements of La.C.Cr.P. art. 894.1, the sentence need not be vacated if the reasons for the sentence given by the trial judge and supplemented by evidence found elsewhere in the record "clearly illumines the sentencing choice" and reflects, upon appellate review, that the sentence given is not excessive. State v. Green, 409 So.2d 563 (La.1982).
Upon conviction for the crime of armed robbery, defendant could have been sentenced, on each count, to a term of 99 years at hard labor, without benefit of parole, probation or suspension of sentence. L.S.A.-R.S. 14:64. The record reveals that defendant had two felony convictions and one felony charge pending at the time of the instance offenses. One of the convictions and the pending felony were for the crime of aggravated battery. We note that the instant offenses also consisted of a crime against the person. The defendant was armed and, thereby, created a great risk of harm to others. No mitigating circumstances were articulated by the trial court nor does the record reveal the existence of any such factors.
In light of the trial court's great discretion in imposing sentences and its reasons therefor, and our review of the record, we do not find that defendant's sentences are excessive.
For the foregoing reasons, the defendant's conviction and sentences are affirmed.
AFFIRMED.
NOTES
[1] Defendant was removed from the courtroom because of his continuing interruption of and abusive exchange with the trial court, despite repeated warnings by the trial court and defense counsel to be quiet.