882 So.2d 657 (2004)
STATE of Louisiana, Appellee
v.
Javiro COOPER, Appellant.
No. 38,743-KA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 2004.
Indigent Defender Board by William Rick Warren, for Appellant.
*658 Louisiana Appellate Project by Paula C. Marx J., Schuyler Marvin, District Attorney, C. Sherburne Sentell, III, John M. Lawrence, Assistant District Attorneys, for Appellee.
Before PEATROSS, MOORE and LOLLEY, JJ.
MOORE, J.
The defendant entered a guilty plea to distribution of a Schedule II controlled dangerous substance, cocaine. He was sentenced to serve eight years imprisonment at hard labor to run concurrent with the sentence he is serving for probation revocation for another offense. The defendant now appeals. We affirm.

FACTS
The state initially charged the defendant with distribution of a Schedule II controlled dangerous substance, cocaine, second offense in violation of La. R.S. 40:967, punishable by not less than 2 nor more than 30 years, the first 2 years to be served without benefits. His maximum prison exposure as a second offender was twice the term of imprisonment authorized for the first offense. La. R.S. 40:982 A. As part of a plea-bargain agreement, the state agreed to accept a guilty plea to the reduced charge of distribution of cocaine, first offense, and to a sentencing cap of 15 years. The terms of the plea agreement, including the sentencing cap, were recited in the record when the guilty plea was entered.
The defendant was advised of his Boykin rights and indicated that he understood and waived those rights. The state set forth the factual basis for the plea into the record, stating: "On or about April 2, 2003, this defendant, Javiro Cooper, did knowingly and intentionally distribute a Schedule II controlled dangerous substance, namely, cocaine, in Webster Parish. The substance was subsequently tested by the Northwest Louisiana Crime Lab and determined to be cocaine." The trial court accepted the defendant's guilty plea as freely and voluntarily given.
A pre-sentence investigation report was ordered. Defendant was scheduled to be sentenced on Nov. 17, 2003. On that date, one Danedrius Cooper, who was also in jail at the same time with the defendant and possibly related to him, was mistakenly brought to court in the sentencing proceeding docketed for Javiro Cooper. Although the correct defendant's counsel, Rick Warren of the Indigent Defender Board, was present at this sentencing, the sentencing transcript does not reflect that he was aware at the time that the wrong defendant was being sentenced. The court imposed a sentence of eight years at hard labor, concurrent with the sentence already being served for probation revocation in another matter, with credit for time served.
The trial court gave extensive reasons for sentence. It reviewed the defendant's PSI and the sentencing guidelines set forth in La. C. Cr. P. art. 894.1. The court set forth the facts of the crime, which included the defendant's sale of two rocks of cocaine in exchange for $40.00 to a confidential informant. The sale was recorded by a concealed audio-video device. The defendant's prior criminal history was related, including the fact that the defendant had been released on good time parole for only two weeks when the instant crime was committed. The defendant was also advised of the time delays within which to file for post-conviction relief.
Subsequently, it was discovered that Javiro Cooper was not present in the courtroom when the court imposed the above sentence, although his attorney was present.
*659 Following discovery of the error, on January 26, 2004 Javiro Cooper was sentenced with his counsel, Rick Warren present. The same sentence was imposed  eight years imprisonment at hard labor, to run concurrent with the previously probated sentence. The trial court noted for the record that the mistake in sentencing the wrong defendant was apparently through no fault of Javiro Cooper. It also noted for the record to the clerk and court reporter that sentencing would be for the same reasons stated on November 17, 2003, which would not be recited again. The trial court questioned Javiro Cooper as to whether he had any objections or complaints regarding anything that occurred at the sentencing. Cooper indicated that he did not. Subsequently, he perfected the instant appeal.[1]

DISCUSSION
By his first assignment, defendant alleges that the trial court was mandated by Code of Criminal Procedure article 835 to recite its reasons for sentencing in the presence of Javiro Cooper and erred when it failed to do so. As a result of the sentencing error, defendant argues that remand for re-sentencing is required so that the court can state the reasons for sentencing on the record in the presence of Javiro Cooper.
La. C. Cr. P. art. 835 states, in pertinent part:
In felony cases the defendant shall always be present when sentence is pronounced.... If a sentence is improperly pronounced in the defendant's absence, he shall be resentenced when his presence is secured.
Defendant cites State v. Bradford, 29,654 (La.App. 2 Cir. 9/24/97), 700 So.2d 1046, which stated in part:
Defendant's presence was not necessary for the ruling on the motion to reconsider; however, sentencing is a distinct matter governed by La. C. Cr. P. art. 835. Defendant's presence cannot be waived and the resentencing was invalid and must be set aside.
The defendant argues that sentencing is more than a statement of the number of years a defendant must be incarcerated, and that the trial court is required to state for the record the considerations taken into account and the factual basis in imposing sentence. The defendant states that this was done in the presence of Danedrius Cooper, but not in the presence of the defendant herein, Javiro Cooper. Since a defendant's presence at sentencing cannot be waived, he argues, the omission of recitation of the reasons for sentencing requires a remand for resentencing citing La. C. Cr. P. art. 894.1, 835; State v. Bradford, supra.
We disagree. First, the defendant was sentenced to eight years in accordance with a plea agreement stated on the record. Under La. C. Cr. P. art. 881.2(A)(2), "a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This rule applies to sentences within an agreed-to sentencing cap. State v. *660 Rice, 648 So.2d 426 (La.App. 2 Cir.1994). The defendant agreed to enter a guilty plea in exchange for a sentencing cap of 15 years as shown in the guilty plea transcript in the record. He was sentenced to eight years to run concurrent with a previously probated sentence he was currently serving. The sentence is within the cap under the plea agreement. Therefore defendant cannot appeal his sentence.
Moreover, La. C. Cr. P. art. 835 requires that the defendant be present only when the sentence is pronounced. State v. Causey, 450 So.2d 1071 (La.App. 1st Cir.1984). La. C. Cr. P. art. 894.1(C) requires the court to state for the record the considerations taken into account and the factual basis for imposing sentence. We believe this requirement was met when the court stated that it was imposing the sentence for the reasons it stated in the prior sentencing, inasmuch as the sentencing in which Danedrius Cooper stood in the place the defendant was, in fact, docketed correctly in this proceeding and remains a part of this record. Cf.State v. Causey, supra. It is well-settled that where a trial judge has failed to fully comply with the sentencing requirements of La. C. Cr. P. art. 894.1, the sentence need not be vacated if the reasons for the sentence given by the trial judge and supplemented by evidence found elsewhere in the record "clearly illuminates the sentencing choice" and reflects, upon appellate review, that the sentence given is not excessive. State v. Green, 409 So.2d 563 (La.1982).
The defendant was present when the sentence was imposed and he had no objections to the circumstances under which the court "resentenced" him. Moreover, the sentence was imposed by the trial court in conformity with the plea agreement sentence cap, and that the defendant has no right to appeal a sentence imposed pursuant to a sentencing cap. State v. Rice, supra.
This assignment of error is therefore without merit.
By his second assignment of error, defendant claims there are deficiencies in the record regarding the motion to reconsider sentence, and the record did not reflect that a hearing had been held. These deficiencies were corrected on our previous remand of this case.[2] Defense counsel was given an opportunity to file any supplemental brief and declined. Thus, this assignment of error is moot.

ERROR PATENT
The trial court failed to state at sentencing that two years of imprisonment are to be served without benefits. When a district court fails to order service of sentence without benefits in a case in which a determinate time period to be so served is mandated by the statute of conviction, the sentence automatically will be served without benefits for the required time period. La. R.S. 15:301.1(A); State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, 799.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The appellate record reflected that a motion to reconsider sentence was timely filed by defense counsel on November 20, 2003, but has not been ruled upon. The appellate record also lacked the motion to reconsider sentence, and pertinent court minutes, which had been filed in the record of a related matter (NO. 38,742-KA), and which were designated for filing under both docket numbers. Upon remand from this court, a hearing on the motion to reconsider sentence was held on April 19, 2004, and the motion was denied. Also, the record was supplemented with the motion to reconsider sentence, the ruling thereon, and the pertinent court minutes.
[2] See text accompanying note 1.