JjDOLLEY, J.
This criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana. Robert Jackson, III was convicted of the illegal use of a weapon by discharging a firearm in a crime of violence, adjudicated a habitual offender, and sentenced to 17 years at hard labor. Jackson appealed. His conviction was affirmed, but his adjudication as a habitual offender and his sentence were overturned. On remand, Jackson was again adjudicated a habitual offender and again sentenced to 17 years at hard labor. He filed a pro se appeal. For the following reasons, Jackson’s adjudication as a habitual offender and his sentence are affirmed.
Facts
This appeal stems from a March 10, 1999, incident where Jackson, armed with a shotgun, shot off the front door lock of the home of Jack George, the father of Jackson’s ex-girlfriend. George’s daughter and Jackson’s child were also in the home. After shooting the door open, Jackson went into the home, and shot at the unarmed George. The wounded George was able to take the shotgun away from Jackson. Jackson, unarmed, then fled the home and was arrested a few days later. He gave a statement admitting his guilt to the offense.
Jackson was charged with the unauthorized use of a weapon by discharging a firearm while committing a crime of violence, aggravated battery, a violation of La. R.S. 14:94(F). Jackson filed numerous pro se pleadings and went through several court-appointed counsel, until a January 2002 bench trial wherein Jackson represented himself, with an appointed | ¿‘standby” counsel to assist him when needed. The trial court found Jackson guilty as charged.
After the conviction, the state filed a habitual offender bill of information, alleging Jackson to be a second felony offender. The predicate offense was a 1997 conviction for illegal use of a weapon by discharging a firearm from a motor vehicle, in violation of La. R.S. 14:94(E). Jackson filed a pro se motion for new trial and for post-verdict judgment of acquittal, together with various other pleadings in support of the two motions. During the hearing on the matters, Jackson also argued his waiver of counsel for trial was not adequate. During Jackson’s objections to the trial court’s rulings, he was found in contempt, removed from the courtroom, and the ha *698 bitual offender hearing was conducted in his absence. At the conclusion of the hearing, Jackson was adjudicated a second felony offender, and sentenced to 17 years at hard labor.
Jackson appealed his conviction and habitual offender sentence. In an unpublished opinion, this court affirmed the conviction, but reversed the contempt conviction, vacated the habitual offender adjudication, reversed the sentence, and remanded the matter. State v. Jackson, 37,244 (La.App.2d Cir.08/20/03)(unpublished), writ denied, 2003-2921 (La.02/13/04), 867 So.2d 687 (“Jackson I”).
On remand to the trial court, another habitual offender hearing was held, with Jackson represented by appointed counsel. Jackson’s counsel stipulated that he had a 1997 conviction for illegal use of a weapon by discharging a firearm from a vehicle. The state called Lieutenant Gary [¡¡Bass, with the Caddo Parish Sheriffs Office, who testified that he had taken Jackson’s fingerprints just prior to the hearing, and they matched the fingerprints on the bill of information in the prior conviction. The trial court adjudicated Jackson a second felony offender. He waived sentencing delays, and the trial court again sentenced him to 17 years at hard labor. This appeal followed.
Discussion
In his first two assignments of error, Jackson argues that he was not provided adequate tools to allow him to represent himself at trial, and that he was not fully advised of the risks prior to waiving his right to counsel at trial. The state argues these issues were fully addressed in Jackson I and cannot be raised again in this appeal.
The state is correct. In these two assignments of error, Jackson is asserting claims that were fully addressed by this court in Jackson I. In fact, these two assignments of error are virtually identical to assignments of error asserted in Jackson’s first appeal. This state’s constitution and laws do not provide for a second, direct appeal. Once an appeal court renders judgment, and that judgment becomes final, the criminal defendant no longer has a right to appeal the decision, but is limited to seeking supervisory review. La. C. Cr. P. art. 912.1(C)(1); La. C. Cr. P. art. 922. Thereafter, a defendant is limited to seeking post conviction relief. La. C. Cr. P. art. 924, et seq.; State v. Counterman, 475 So.2d 336 (La.1985).
In the present case, Jackson’s conviction became final 14 days after the supreme court denied his writ application on February 13, 2004. This |4court cannot reconsider the assignments of error relating to his trial and conviction that have already been conclusively determined by this court and the Louisiana Supreme Court. These assignments are therefore without merit.
In his third assignment of error, Jackson argues his trial counsel was ineffective for failing to investigate flaws in his predicate offense. Specifically, Jackson argues that his trial counsel was ineffective at the habitual offender hearing for failing to investigate the facts surrounding the prior conviction. He maintains that an investigation would have revealed that he was not on his medication at the time of his guilty plea in the prior conviction. Further, Jackson argues that although he pled guilty in the prior conviction, he did not commit the crime. Instead he contends that it was his uncle, who, when in Jackson’s car, shot at the house, not him. Finally, Jackson urges that his trial counsel failed to show mitigating factors such as the fact that he was supporting an eight-year-old child, he was a certified paralegal, *699 and that he “continues to indulge in temporal arts of screen-writing.”
Jackson’s claims would be more appropriately asserted in a petition for post conviction relief where, if the trial court saw fit, new evidence could be taken. Ordinarily, a claim of ineffective assistance of counsel is more properly presented in an application for post conviction relief because it generally requires additional evidence for resolution of the claim, and post conviction relief allows a format for receiving such evidence. State v. Milligan, 28,-660 (La.App.2d Cir.12/11/96), 685 So.2d 1127, writ denied, |597-0379 (La.06/30/97), 696 So.2d 1005. In the interest of judicial economy, however, issues may be resolved on direct appeal if the record contains sufficient evidence pertaining to the matter. Id. The instant record does allow this court to review Jackson’s assignment.
The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. State v. Moore, 38,444 (La.App.2d Cir.06/23/04), 877 So.2d 1027. A claim of ineffectiveness of counsel is analyzed under the two-prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
To establish that his attorney was ineffective, the defendant first must show that counsel’s performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that counsel’s deficient performance prejudiced his defense. This element requires a showing the errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, supra; see also, State v. Morehead, 38,124 (La.App.2d Cir.04/02/04), 870 So.2d 428, writ denied, 2004-1283 (La.10/15/04), 883 So.2d 1043.
In the present case, Jackson has clearly failed to show that his trial counsel committed any error or that his performance was in any way deficient. His counsel would not be required to investigate whether Jackson was actually guilty of the predicate offense, since a validly entered guilty | (¡plea, or plea of nolo contendere, waives any right the defendant might have had to question the merits of the state’s case and the factual basis underlying the conviction. State v. Bourgeois, 406 So.2d 550 (La.1981); State v. Harden, 506 So.2d 1265 (La.App. 2d Cir.1987), writ denied, 512 So.2d 438 (1987).
As to the trial counsel’s alleged failure to provide the trial court with mitigating evidence to reduce the sentence, La. R.S. 14:94(F) provides a sentencing range of “not less than ten years nor more than twenty years, without benefit of parole, probation, or suspension of sentence.” As a second felony offender, the defendant was subject to imprisonment “for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.” This would be a determinate term of not less than ten years to not more than forty years.
The Louisiana Constitution of 1974, art. I, § 20 provides, in pertinent part, that “[n]o law shall subject any person to ... excessive ... punishment.” Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1. Since the habitual offender law is constitutional in its entirety, a minimum sentence imposed upon a recidivist is also presumed to be constitutional. State v. Johnson, 1997-1906 (La.03/04/98), 709 So.2d 672; State v. *700 Gay, 34,371 (La.App.2d Cir.04/04/01), 784 So.2d 714. In State v. Ponsell, 33,543 (La.App.2d Cir.08/23/00), 766 So.2d 678, writ denied, 2000-2726 (La.10/12/01), 799 So.2d 490, this court concluded that:
17[a]lthough, in State v. Dorthey, 623 So.2d 1276 (La.1993), the Louisiana Supreme Court stated that courts have the power to declare a mandatory minimum sentence excessive under Article I, Section 20 of the Louisiana Constitution, this power should only be exercised in rare cases and only when the court is firmly convinced that the minimum sentence is excessive.
A defendant must rebut the presumption that a mandatory minimum sentence is constitutional. To do so, a defendant must clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances, the defendant is a victim of the .legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the ease. State v. Johnson, supra, 709 So.2d at 676; State v. Wade, 36,295 (La.App.2d Cir.10/23/02), 832 So.2d 977, writ denied, 2002-2875 (La.04/04/03), 840 So.2d 1213.
Here, Jackson received a sentence of less than one-half of the possible maximum sentence allowed under the Habitual Offender Act. He has not demonstrated how the alleged mitigating factors would have placed him in the “exceptional” category. The record shows Jackson had a history of firearm violence. The present case involved him shooting open a front door of a home and shooting the homeowner. From our review of this record, we do not find constitutional error. Even if the defendant had introduced admissible evidence of the alleged mitigating factors, the sentence imposed is not constitutionally excessive. The sentence is lawful, and it is neither grossly disproportionate to the severity of the offense nor shocking to this court’s sense of justice. Thus, Jackson’s trial counsel was not ineffective, even if the so-called mitigating factors were not argued, | ^because such would not have served to affect his constitutionally appropriate sentence. This assignment is without merit.
In his final assignment of error, Jackson maintains that his sentence for illegal use of a weapon in a crime of violence was improperly enhanced using the Habitual Offender Act, instead of the enhancement provisions in the charging statute. Specifically, Jackson argues that since his present conviction is his second conviction for illegal use of a weapon, the enhancement provision of La. R.S. 14:94(C) should apply in his sentence, instead of the provisions of La. R.S. 15:529.1, the Habitual Offender Act.
Louisiana R.S. 14:94(C) provides for a hard labor sentence of “not less than five years nor more than seven years, without benefit of probation or suspension of sentence.” But, Jackson overlooks the fact that the statute he was convicted under, La. R.S. 14:94(F), has its own provisions for first' time and subsequent offenses. The defendant also overlooks the fact that his first conviction was for illegal use of a weapon from a motor vehicle, pursuant to La. R.S. 14:94(E), which has its own sentencing range. Both La. R.S. 14:94(B) and (C) specifically exclude “Subsection E” offenses from the sentences for first or second offense illegal use of a weapon.
Because the defendant’s first conviction, pursuant to La. R.S. 14:94(E), is a separate subsection from his current conviction of illegal use of a firearm during a commission of a crime of violence, pursuant to La. R.S. 14:94(F), the first conviction would not result in a “subsequent” offense under La. R.S. 14:94(F), since that statute provides for enhanced |flsentences only upon “a second or subsequent conviction, under this Subsection....”
*701 Since La. R.S. 14:94(F) provides its own separate penalties for first and subsequent convictions of that subsection, a prior conviction under another subsection of the illegal use of a weapon statute does not require that statute’s enhancement provisions. Granted, if the prior conviction had also been for illegal use of a weapon by discharging a firearm in a crime of violence, the enhanced penalty would be determined by La. R.S. 14:94(F), instead of La. R.S. 15:529.1. State v. Griffin, 525 So.2d 705 (La.App. 1st Cir.1988). But, because the defendant was convicted of two different felonies, he has provided no support for his argument that the Habitual Offender Act could not be used to enhance his sentence. Therefore, this assignment is without merit.
Finally, our error patent review reveals that in sentencing Jackson, the trial court failed to state that his sentence was to be served without benefit of probation or suspension of the sentence as required under La. R.S. 15:529.1(G). When a district court fails to order service of a sentence without benefits in a case in which a determinate time period to be so served is mandated by the statute of conviction, the sentence automatically will be served without benefits for the required time period. La. R.S. 15:301.1(A); State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790, 799; State v. Cooper, 38,743 (La.App.2d Cir.09/22/04), 882 So.2d 657.
| ^Conclusion
For the foregoing reasons, Jackson’s adjudication as a habitual offender and his sentence, which is to be served without benefit of probation or suspension of sentence, are affirmed.
AFFIRMED.