Judgment rendered February 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,473-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                                    Appellee

versus

KEVIN GAINES                                          Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 340,106

Honorable Donald Edgar Hathaway, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT             Counsel for Appellant
By: Edward Kelly Bauman

JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney

JASON WAYNE WALTMAN
ALEX L. PORUBSKY
VICTORIA T. WASHINGTON
Assistant District Attorneys

* * * * *

Before PITMAN, STONE, and ROBINSON, JJ.

**ROBINSON, J.**

Kevin Gaines appeals his aggregate sentence of 170 years, complaining that it is excessive. We conclude that Gaines is not entitled to a second appeal of his sentence, and affirm his sentence for a second time.

## *PROCEDURAL HISTORY*

Following a bench trial, Gaines was found guilty as charged of one count of pornography involving a juvenile under the age of 13 in violation of La. R.S. 14:81.1(E)(1)(a) and (E)(5)(a), and three counts of molestation of a juvenile under the age of 13 in violation of La. R.S. 14:81.2(A)(1) and (D)(1). The crimes involved three separate victims on separate occasions. For each molestation conviction, Gaines was sentenced to 50 years of imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. For the pornography conviction, he was sentenced to 20 years of imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. The court ordered all four sentences to be served consecutively, which resulted in a total sentence of 170 years. Gaines was also ordered to pay a fine of $10,000.

Gaines appealed his sentence, arguing that his total sentence is excessive because of the consecutive sentences. This court concluded that there was an adequate factual basis for the sentences imposed for the pornography conviction and the molestation conviction concerning the same victim, and that those two sentences were not constitutionally excessive. This court then noted that on error patent review, the sentences for the two remaining molestation convictions were illegal because the sentences of 50 years exceeded the maximum 40-year sentence available when those crimes were committed. Accordingly, those two sentences were vacated, and the

matter was remanded for resentencing. *State v. Gaines*, 54,383 (La. App. 2 Cir. 5/25/22), 338 So. 3d 1212 ("*Gaines I*").

On June 6, 2022, the trial court resentenced Gaines to 40 years at hard labor without benefits on the two remaining molestation convictions. The sentences were ordered to be served consecutively with each other.

Five months later, the supreme court granted the State's writ application and reversed this court's ruling on error patent review. *State v. Gaines*, 22-00993 (La. 11/16/22), 349 So. 3d 990 ("*Gaines II*"). The supreme court concluded that the 50-year sentences were within the penalty range for those crimes when they were committed. Noting that the trial court had already resentenced Gaines in accordance with this court's instructions, the supreme court vacated those sentences and reinstated the sentences originally imposed by the trial court. The matter was remanded to this court for further consideration of Gaines's assignment of error which had been partially pretermitted by this court.

On remand, this court considered whether the aggregate sentence of 170 years was excessive. This court determined that the trial court had adequately complied with La. C. Cr. P. art. 894.1 when sentencing Gaines. Next, this court concluded that each 50-year sentence for the two molestation convictions, as well as the total sentence of 170 years, were not excessive. Finally, this court recognized that the factors articulated by the trial court provided justification for the decision to order the sentences to be served consecutively, and the trial court did not abuse its great discretion in imposing consecutive sentences. Accordingly, Gaines's sentences were affirmed, and this matter was remanded to the trial court to reinstate the sentences that were originally imposed. *State v. Gaines*, 54,383 (La. App. 2

Cir. 2/22/23), 358 So. 3d 194, *writ denied*, 23-00363 (La. 6/21/23), 362 So. 3d 428 ("*Gaines III*").

On March 28, 2023, the trial court vacated the sentences imposed on June 6, 2022, and reinstated the original sentences that were to run consecutively. Gaines filed a motion to reconsider sentence on April 19, 2023, in which he alleged that his sentence was unconstitutional. The motion was denied.

## DISCUSSION

Gaines has again appealed his sentence, arguing that his 170-year aggregate sentence is constitutionally excessive. The State contends that this court has already concluded that his sentences are not constitutionally excessive. Thus, because his sentences are final, Gaines no longer has any right of review. The State is correct.

There is a constitutional right to appeal (or to other review on the record) in criminal cases in Louisiana when the defendant is to be subjected to imprisonment or fine. La. Const. art. I, §19; *State v. Clark*, 19-1077 (La. 5/1/20), 295 So. 3d 935.

However, as this court stated in *State v. Bryant*, 53,078, p. 5 (La. App. 2 Cir. 11/20/19), 285 So. 3d 513, 517, *writ denied*, 20-00077 (La. 7/31/20), 300 So. 3d 392:

> The Constitution of the State of Louisiana does not provide for a second direct appeal. Once an appellate court renders judgment, and that judgment becomes final, the criminal defendant no longer has a right to appeal the decision, but is limited to seeking supervisory review. La. C. Cr. P. art. 912.1(C)(1); La. C. Cr. P. art. 922; *State v. Jackson*, 39,515 (La. App. 2 Cir. 3/2/05), 895 So. 2d 695, 698.

If an application for a writ of review is timely filed with the supreme court, the judgment of the appellate court from which the writ of review is

sought becomes final when the supreme court denies the writ. La. C. Cr. P. art. 922(D). The supreme court denied the writ in *Gaines III* on June 21, 2023. It is clear that what Gaines seeks is a second appeal of his sentence which was affirmed and became final in *Gaines III*.

It is of no moment that the trial court reinstated the original sentences on March 28, 2023, as the trial court lacked the authority to alter Gaines' sentences. "[F]ollowing the affirmance of an appealed sentence, the sentencing judge no longer retains jurisdiction to modify a legal sentence." *State v. Howard*, 53,104, p. 3 (La. App. 2 Cir. 1/15/20), 289 So. 3d 1176, 1178, *writ denied*, 20-00400 (La. 6/22/20), 297 So. 3d 722. La. C. Cr. P. art. 912(C) provides that the judgments or rulings from which a defendant may appeal include, but are not limited to, a judgment which imposes sentence.

No sentence was imposed on March 28, 2023. Instead, the trial court was tasked only with the ministerial duty of reinstating Gaines's original sentences. We note that in *Gaines II*, the supreme court had already vacated the sentences imposed on June 6, 2022, and reinstated the original sentences imposed when it reversed this court's error patent ruling.

In conclusion, Gaines's sentence became final following the denial of the writ in *Gaines III*. He no longer has any right to a review of that sentence on appeal. His sentences are AFFIRMED.

4